825 So.2d 1065 (2002)
Eliezer BARRIENTOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2352.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
*1066 Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for Appellee.
WARNER, J.
Appellant challenges his conviction and sentence for possession of a firearm by a convicted felon on the ground that the court erred in admitting evidence of appellant's flight from police officers as suggesting a collateral crime. We conclude that the trial court did not err in admitting the evidence.
The police were completing the execution of a search warrant at appellant's house when they noticed appellant arrive in a car. Upon seeing the police, appellant turned and drove away with the police following him. When he failed to yield for a stop sign, the officers initiated a traffic stop. A police dog then alerted the officers to the presence of drugs, prompting them to search the vehicle. They discovered a firearm under the seat and arrested appellant.
At trial, defense counsel moved in limine to exclude all evidence prior to the officers stopping appellant. However, the court denied the motion and allowed the state to offer evidence of the events from when the officers recognized appellant and began following him. The state did not elicit any testimony regarding the search warrant.
On the issue of relevance a trial court's decision on the admissibility of evidence will not be disturbed absent an abuse of discretion. See Sexton v. State, 697 So.2d 833, 837 (Fla.1997). Appellant strenuously argues that the evidence of his pursuit was irrelevant evidence suggesting a collateral crime. While appellant contends the evidence tended to suggest the commission of a collateral crime, the state contends the evidence was neither collateral crimes nor Williams rule evidence.[1]
We too do not view the suspect evidence as similar fact evidence, but rather, evidence tending to prove a material fact in evidence, specifically appellant's knowledge of the gun's presence in the vehicle. Possession of a firearm by a convicted felon requires the state to prove: (1) appellant was a convicted felon and (2) he had in his care, custody, or control a firearm. See § 790.23(1)(a), Fla. Stat. (2000). Because appellant did not have actual possession of the firearm, the state was required to prove appellant had constructive possession of the weapon. This requires proof that appellant "(1) knew the [weapon] was in the car, and (2) had the ability to maintain dominion and control over the piece." Parnell v. State, 438 So.2d 407, 407 (Fla. 4th DCA 1983). That appellant turned around and departed or fled upon seeing the officers tended to prove his consciousness of guilt that he had a weapon in his possession.
Appellant contends that this did not necessarily indicate consciousness of guilt to his possession of a firearm but could have been related to the possession of drugs on his person or in his home, *1067 which had just been searched. In Shellito v. State, 701 So.2d 837, 840 (Fla.1997), the supreme court faced a similar argument. The day after the defendant committed a murder, he was at a friend's house when the police raided it, and he fled. He claimed that it was error to admit evidence of his flight in his murder trial because it was impossible to determine whether his flight was related to the murder or the illegal activities taking place in his friend's home. The court rejected that reasoning stating:
The law is well settled that evidence of flight is admissible as being relevant to infer consciousness of guilt where sufficient evidence exists to establish that the defendant fled to avoid prosecution of the charged offense. Escobar v. State, 699 So.2d 988 (Fla.1997); Harvey v. State, 529 So.2d 1083 (Fla.1988); Merritt v. State, 523 So.2d 573 (Fla.1988). The fact that a defendant has committed more than one crime within a short period of time does not preclude introduction of the evidence of flight where a sufficient evidentiary nexus exists to permit a jury to reasonably infer consciousness of guilt from the flight. Escobar; Bundy v. State, 471 So.2d 9 (Fla. 1985).
Id. at 840. The trial court concluded a sufficient nexus existed in this case from which the jury could infer appellant's consciousness of guilt as to the possession of the firearm, and we find no abuse of discretion in that ruling.
We also find no abuse of discretion in the trial court's denial of appellant's requested jury instruction on circumstantial evidence. As to appellant's final point regarding ineffective assistance of counsel, we affirm as such claims are not cognizable on direct appeal unless it is apparent from the face of the record. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).
Affirmed.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).