853 So.2d 514 (2003)
Jack LIEBMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2883.
District Court of Appeal of Florida, Fourth District.
August 20, 2003.
Rehearing Denied September 18, 2003.
*515 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Jack Liebman, entered no contest pleas to pending charges in seven lower court cases. Liebman filed a motion to withdraw the no contest pleas but later withdrew it. Now, on appeal, Liebman asks this court to reinstate his motion to withdraw plea, arguing (1) that a motion to withdraw plea is a critical stage of the proceeding and that he was denied his right to counsel, and (2) that the counsel he was subsequently provided at the hearing rendered ineffective assistance. We affirm.
Appeals following a plea of guilty or no contest are governed by Florida Rule of Appellate Procedure 9.140(b)(2)(A), which provides that, following a plea, a defendant may appeal only those dispositive issues specifically reserved or, if no issues were reserved, the lower court's lack of subject matter jurisdiction; a violation of the plea agreement, if preserved by motion to withdraw the plea; an involuntary plea, if preserved by motion to withdraw the plea; and a sentencing error, if preserved. Here, Liebman did not reserve any issues for appeal when he entered his plea and, while ultimately he wishes to challenge the voluntariness of his plea, this issue has not been preserved since he withdrew his motion to withdraw plea, depriving the trial court of the opportunity to rule on the same.
Accordingly, we affirm without prejudice to appellant's right to file a 3.850 motion alleging ineffective assistance of counsel at the January 4, 2001 hearing wherein appellant withdrew his motion to withdraw his plea.[1]
AFFIRMED.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] On the merits of the first issue, we cannot agree that Liebman was denied his right to counsel at the January 4, 2001 hearing where the trial court allowed appellant to withdraw his motion. Although appellant's original trial counsel withdrew, the trial court appointed new counsel to represent appellant at this hearing. Indeed, Liebman argues that the attorney appointed to represent him at this hearing provided ineffective assistance of counsel. However, any such ineffectiveness is not apparent from the record and cannot be considered for the first time on direct appeal. See, e.g., Barrientos v. State, 825 So.2d 1065 (Fla. 4th DCA 2002), review denied, 845 So.2d 887 (Fla.2003).