884 So.2d 1010 (2004)
Clifford BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3075.
District Court of Appeal of Florida, Fourth District.
October 6, 2004.
*1011 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Clifford Burns appeals the judgment and sentence entered after his no contest plea to robbery and aggravated assault with a firearm. He contends that the trial court committed fundamental error by failing to hold a competency hearing prior to accepting his plea. We disagree and affirm.
Almost a year before the defendant's plea hearing, as part of proceedings relating to the defendant's motion to suppress his confession, two experts examined the defendant and concluded that he was mildly retarded but competent to proceed to trial. At the beginning of the plea hearing, defense counsel advised the trial court that the defendant had a very low IQ and asked the court to proceed slowly with the plea colloquy. When the trial court asked defense counsel whether the defendant's IQ presented a competency issue, the following occurred:

*1012 The Court: Mr. Akins [Defense Counsel], as part of the IQ level is there an issue of competency or issue that we need to take?
Mr. Akins [Defense Counsel]: No sir, that's already beenthat's already been litigated.
Mr. Amos [Prosecutor]: We've already had a full hearing in front of Judge Makemson prior to the Motion to Suppress regarding this issue or actually part of the Motion to Suppress which we litigated all of those.
The Court: Okay.
Mr. Akins [Defense Counsel]: And in my opinion
The Court: Nothing's changed since then, right. I mean nothing added has happened or anything.
Mr. Akins [Defense Counsel]: In my opinion, Your Honor, I represented him both at the original time the case was evaluated for a competency and in my opinion I don't believeI believe, in fact, he's a little bit better than he was at that time. So I don't believe it's an issue.

Following a lengthy plea proceeding, the defendant pled no contest to the felony offenses without reserving any issue for appeal. After sentencing, he did not file a motion to withdraw his plea. He now argues on appeal that the trial court committed fundamental error by accepting his pleas without sua sponte ordering a hearing to determine his competency to enter a plea.
Generally, to obtain appellate review of a plea of guilty or no contest, the defendant must have specifically reserved dispositive issues for appeal or filed a motion to withdraw the plea in the trial court. See State v. Thompson, 735 So.2d 482, 485 (Fla.1999); Robinson v. State, 373 So.2d 898 (Fla.1979); Liebman v. State, 853 So.2d 514 (Fla. 4th DCA 2003), review denied, 865 So.2d 480 (Fla.2004); Harriel v. State, 710 So.2d 102, 106 (Fla. 4th DCA 1998)(en banc).
As we recently stated in Liebman:
Appeals following a plea of guilty or no contest are governed by Florida Rule of Appellate Procedure 9.140(b)(2)(A), which provides that, following a plea, a defendant may appeal only those dispositive issues specifically reserved or, if no issues were reserved, the lower court's lack of subject matter jurisdiction; a violation of the plea agreement, if preserved by motion to withdraw the plea; an involuntary plea, if preserved by motion to withdraw the plea; and a sentencing error, if preserved.
Id. at 515; see also State v. T. G., 800 So.2d 204, 206 (Fla.2001)("`If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.'") (quoting Robinson, 373 So.2d at 902).
In this case, the defendant did not reserve the right to appeal the competency issue when he entered his no contest plea. More important, he could not have reserved the right to appeal this issue because an order determining him competent would not have been a dispositive order. See Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999)(holding that a defendant's competency is not a legally dispositive issue; thus, the appellate court lacks jurisdiction to consider an appeal from such issue).
However, the defendant could have preserved the competency issue by first presenting it to the trial court in a timely motion to withdraw his plea. A defendant's competency at the time of entering a guilty or no contest plea is an issue bearing upon the voluntary and intelligent character of the defendant's plea. See Trawick v. State, 473 So.2d 1235 (Fla. *1013 1985); Trujillo-Pentate v. State, 609 So.2d 72, 73 (Fla. 1st DCA 1992), quashed on other grounds, 620 So.2d 1231 (Fla.1993). An issue relating to the voluntary and intelligent nature of the plea falls within the limited class of issues which a defendant may raise on appeal from a guilty or no contest plea without having specifically reserved the right to do so. See Strong v. State, 555 So.2d 950, 951 (Fla. 1st DCA 1990)(citing Robinson). However, before raising such an issue on appeal, the defendant must first file with the trial court a motion to withdraw the plea. See Liebman. The defendant in this case failed to do so and is thus precluded from obtaining appellate review of the judgment entered on his no contest plea.
The defendant argues, however, that the trial court's failure to sua sponte order a competency hearing constitutes fundamental error that can be raised for the first time on appeal. We reject this position. As the supreme court explained in T. G., to adopt this view would effectively eliminate the requirement of first moving for a plea withdrawal in the trial court. See 800 So.2d at 206 (citing Robinson's rationale for requiring defendants to attack the validity of guilty pleas in the trial court before challenging the plea on direct appeal). T.G. observed that:
[W]ithout a timely filing of a motion to withdraw plea, "there would be no record relating to the claim and there would be no ruling or decision to review in appellate court." Rhodes v. State, 704 So.2d 1080, 1082 (Fla. 1st DCA 1997); see also Duhart v. State, 548 So.2d 302, 303 (Fla. 5th DCA 1989) (noting that the preservation requirement "more precisely frames the issue, arguments, and factual record and thereby facilitates appellate review").
Id. at 210.
In T. G., the supreme court held that the preservation rule in Robinson also applies to juvenile appeals. There, however, after finding fundamental error in the trial court's failure to provide counsel to a juvenile entering a no contest plea, the supreme court allowed reversal despite the juvenile's failure to file a motion to withdraw his plea. In doing so, the court explained that it was recognizing this "narrowly drawn and extremely limited" exception to the Robinson preservation requirement because of its "unique concern for juveniles who enter pleas without the benefit of counsel." 800 So.2d at 213. It emphasized and re-affirmed the principle that in most other cases involving a challenge to the voluntariness of a plea, the procedure in Robinson must be followed. See id.
In this case, the defendant urges us to disregard his noncompliance with Robinson and find fundamental error in the trial court's failure to order a competency hearing. He correctly argues that a defendant has a due process right to a determination of competency to proceed to trial whenever it appears reasonably necessary. See Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Florida Rule of Criminal Procedure 3.210(b) implements this right and requires the trial court to order a competency hearing on its own motion whenever it has reasonable grounds to believe that the defendant is not competent to proceed. See Lane v. State, 388 So.2d 1022, 1025 (Fla.1980). A trial court's failure to order a competency hearing on its own motion when it has a reasonable ground to believe that the defendant is not mentally competent to proceed constitutes an abuse of discretion. See Robertson v. *1014 State, 699 So.2d 1343 (Fla.1997), receded from on other grounds by Delgado v. State, 776 So.2d 233 (Fla.2000); Fowler v. State, 255 So.2d 513 (Fla.1971).
Although a trial court's failure to order a competency hearing on its own motion when it reasonably appears necessary constitutes an abuse of discretion, we do not deem such error "fundamental" so as to obviate the need for filing a motion to withdraw in the trial court before attacking the voluntariness of the plea on appeal.[1] An asserted violation of rule 3.210(b) raises an issue concerning the voluntary or intelligent character of a defendant's plea that must first be presented to the trial court in accordance with Robinson and Liebman.
Accordingly, we affirm the judgment and sentence without prejudice to the defendant's right to seek appropriate post-conviction relief in the trial court.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Even if we were to pass on the merits of this case, we would be hard pressed to find an abuse of discretion where defense counsel advised the court that the defendant's competency was not an issue and assured the court that the defendant's ability to understand the proceedings had actually improved since the earlier court proceedings when he was found competent to proceed.