899 So.2d 1195 (2005)
Robert OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1260.
District Court of Appeal of Florida, Fifth District.
April 15, 2005.
*1196 James S. Purdy, Public Defender and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Appellant, Robert Oliver, who appeals the judgment and sentence imposed on him, argues that the trial court erred both when it denied his motion to suppress, and when it sentenced him to imprisonment for a period of time greater than the term that he had negotiated with the State. Because the search that was the subject of the motion to suppress was conducted after Mr. Oliver gave his consent, and because the proceedings before the sentencing court made it abundantly clear that the court would not be bound by the agreement between the State and Mr. Oliver, we conclude that Mr. Oliver is not entitled to relief.
In 1998, Mr. Oliver was charged with trafficking in cocaine in violation of section 893.135(1)(b)1.a., Florida Statutes (1998). Mr. Oliver later moved to suppress the cocaine seized from him during a search of his vehicle. After a hearing, the trial court denied the motion, finding that the search was consensual and that Oliver did not at any time during the search withdraw his consent. Oliver then entered a plea of nolo contendere as charged, reserving his right to appeal the denial of the suppression motion.
In exchange for his plea, Mr. Oliver had agreed with the State that it would recommend a sentence of imprisonment for five years in the custody of the Department of Corrections, to be followed by thirty months of probation. At the time that the trial court accepted the plea, however, the judge informed both the State and Mr. Oliver on a number of occasions that while he would consider the recommendation in formulating the sentence, he would not necessarily be bound by it. For example, at one point in the colloquy the trial judge advised Mr. Oliver as follows:
The maximum possible penalty is 30 years in the Florida State Prison. There's a minimum of a $50,000 fine because of the alleged amount of the narcotics.
You may be considered for probation or lesser sentencing. I'm not promising you any particular sentence but I wanted you to understand the possibilities.

After entering his plea Mr. Oliver was released, and was ordered to appear in court at a later date for sentencing. Mr. Oliver failed to appear at sentencing. He was, however, taken into custody five years later when he was arrested for unauthorized possession of a driver's license,[1] as well as for another licensing violation.
Mr. Oliver entered a plea of nolo contendere to the new charges. After consideration of the events that transpired five years earlier, the trial judge sentenced Mr. Oliver to ten years imprisonment for the 1998 trafficking charge, and five years imprisonment for the unauthorized possession of a driver's license, the sentences to be served consecutively. Mr. Oliver timely appealed.
*1197 We find no error with respect to the denial of the motion to suppress. The factual findings are supported by competent, substantial evidence, and the trial court properly applied the law to the facts. See Eldridge v. State, 817 So.2d 884, 886 (Fla. 5th DCA 2002); Young v. State, 803 So.2d 880 (Fla. 5th DCA 2002).
We likewise find no error with respect to the sentences imposed. We note, first, that as a general rule, in order to obtain appellate review of a plea of guilty or nolo contendere, a defendant must have specifically reserved dispositive issues for appeal or must have filed a motion to withdraw the plea in the trial court. See Burns v. State, 884 So.2d 1010 (Fla. 4th DCA 2004); Liebman v. State, 853 So.2d 514 (Fla. 4th DCA 2003); cf., State v. Thompson, 735 So.2d 482 (Fla. 1999). Rule 9.140(b)(2)(A)(ii)b, Florida Rules of Appellate Procedure, specifically relates that:
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
. . .
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
. . .
b. a violation of the plea agreement, if preserved by a motion to withdraw plea.
Because Mr. Oliver never moved to withdraw his plea either before or after sentencing, he may not now seek relief on the basis of a violation of the plea agreement.
In addition, we find no violation of the plea agreement. The plea colloquy makes clear that the trial judge was not bound by the plea agreement. Rather, this was an open plea to the court, with the State agreeing to recommend a particular sentence. The Florida Supreme Court in Goins v. State, 672 So.2d 30, 31 (Fla.1996), said in this connection:
[I]f the agreement only calls for the state to recommend a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot withdraw the plea if a greater sentence is imposed so long as the state carries out its promise.
Here, the State continued to recommend a five year prison sentence for trafficking, even after Mr. Oliver failed to appear at the earlier proceeding. The trial court under the circumstances of this case was, therefore, at liberty to impose any lawful sentence. It did just that.
AFFIRMED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] § 322.212(1)(a), Fla. Stat. (2004).