915 So.2d 740 (2005)
Mario Jerome HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3506.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
*741 James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Mario Jerome Hicks appeals the judgments entered and sentences imposed following his no contest plea to three felony charges. He contends that the trial court erred by failing to hold a competency hearing prior to accepting his plea. Because the issue was not presented to the trial court in a timely motion to withdraw his plea, we are without jurisdiction to consider Hicks's claim.
Generally, to obtain appellate review of a plea of guilty or no contest, the defendant must specifically reserve dispositive issues for appeal or file a motion to withdraw the plea in the trial court. Burns v. State, 884 So.2d 1010, 1012 (Fla. 4th DCA 2004). Following a guilty or no contest plea, a defendant may appeal only the trial court's lack of subject matter jurisdiction; a violation of a plea agreement, if preserved by a motion to withdraw the plea; an involuntary plea, if preserved by a motion to withdraw the plea; and a sentencing error, if preserved. Fla. R.App. P. 9.140(b)(2)(A); Liebman v. State, 853 So.2d 514, 515 (Fla. 4th DCA 2003).
Hicks contends that because the trial court was aware of his extensive history of mental health problems, the court should not have accepted his no contest plea. A defendant's competency at the time he enters a guilty or no contest plea is an issue bearing upon the voluntary and intelligent character of the defendant's plea. Trawick v. State, 473 So.2d 1235 (Fla.1985). An issue relating to the voluntary and intelligent nature of the plea falls within the limited class of issues which a defendant may raise on appeal from a guilty or no contest plea without having specifically reserved the right to do so. Robinson v. State, 373 So.2d 898, 902 (Fla. 1979); Burns, 884 So.2d at 1013. However, before raising such an issue on appeal, the defendant must first file a motion to withdraw the plea with the trial court. Because Hicks failed to do so, we lack jurisdiction to consider his claim. Liebman.
Accordingly, we dismiss this appeal without prejudice to Hicks's right to seek appropriate and timely postconviction relief in the trial court.
DISMISSED.
PLEUS, C.J. and GRIFFIN, J., concur.