PER CURIAM.
 

 We have for review the negotiated plea agreement and sentence of the appellant, Marcus Blackmon. Blackmon argues that his pleas of guilty were improperly accepted because he was incompetent at the time. We agree and reverse.
 

 Blackmon was charged with two counts of burglary of a conveyance. The trial court adjudicated him incompetent to proceed and ordered the Department of Chil
 
 *240
 
 dren and Families to provide competency-restoration and treatment.
 

 At a later hearing, Blackmon entered into a negotiated plea of guilty to one count of burglary of a conveyance and one count of attempted burglary of a conveyance. Blackmon was sentenced as a habitual felony offender to one year plus one day in prison on both counts, running concurrently. Prior to entering these pleas, no hearing was held adjudicating Black-mon competent to proceed.
 

 Florida Rule of Criminal Procedure 3.210(a) states:
 

 A person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.
 

 “An individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence.”
 
 Samson v. State,
 
 853 So.2d 1116, 1116 (Fla. 4th DCA 2003) (citations omitted). To proceed against an incompetent defendant, the trial court must hold a competency hearing and enter a written order finding the defendant competent to proceed.
 
 See Macaluso v. State,
 
 12 So.3d 914, 915 (Fla. 4th DCA 2009) (citations omitted).
 

 In the present case and almost identical to the circumstances in both Ma-caluso and Samson, the trial judge did not conduct a competency hearing, did not take the testimony of any examining physicians and did not enter a written order stating that Blackmon was restored to competence. Therefore, he remained incompetent to proceed and his negotiated pleas and subsequent sentence must be reversed.
 
 See Godinez v. Moran,
 
 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993);
 
 Catinella v. State,
 
 732 So.2d 444, 445 (Fla. 4th DCA 1999).
 

 Reversed and remanded for further 'proceedings consistent with this opinion.
 

 MAY, DAMOORGIAN and CIKLIN, JJ., concur.