EVANDER, J.
 

 Shirley Vestal appeals her convictions for burglary of a dwelling and grand theft. We reverse because the trial court sentenced Vestal without first conducting a competency hearing even though the procedure for determining competency under Florida Rule of Criminal Procedure 3.210 had been invoked.
 

 The chronology of events in this case is somewhat unique. Three days prior to the scheduled trial date, defense counsel filed a suggestion of mental incompetence to stand trial on behalf of Vestal. On the scheduled trial date, Vestal withdrew her not guilty plea and entered a no contest plea to the burglary and grand theft charges. (It does not appear from the record that counsel ever made the trial court aware of the filing of the suggestion of mental incompetence.) Two weeks after accepting Vestal’s plea, the trial court entered an order appointing an expert to examine Vestal to determine if she was competent to proceed. For reasons unclear from the record, the sentencing proceeding subsequently took place although no report had been submitted by the appointed expert.
 

 On appeal, Vestal contends that the trial court erred by conducting her plea and sentencing proceedings without holding a competency hearing. We lack jurisdiction to consider Vestal’s argument
 
 *735
 
 with regard to the plea proceeding because Vestal did not file a motion to withdraw her plea with the trial court.
 
 See
 
 Fla. R. App. P. 9.140(b)(2)(A)(ii)c.
 
 [1]
 
 ;
 
 see also Hicks v. State,
 
 915 So.2d 740 (Fla. 5th DCA 2005) (defendant’s alleged incompetency at the time of entry of guilty or no contest plea is issue bearing upon voluntariness of defendant’s plea and may not be raised on appeal where no motion to withdraw plea has been filed with trial court).
 
 [2]
 

 However, we agree with Vestal that the trial court erred in proceeding with Vestal’s sentencing hearing. In the present case, the trial court entered a written order invoking the competency proceedings set forth in Florida Rule of Criminal Procedure 3.210. In its order, the trial court expressly determined that a mental examination of Vestal was necessary to determine if she was competent to proceed. Having reached this conclusion, the trial court was required to follow the prescribed procedure and hold a competency hearing.
 
 See Carrion v. State,
 
 859 So.2d 563 (Fla. 5th DCA 2003);
 
 see also Maxwell v. State,
 
 974 So.2d 505 (Fla. 5th DCA 2008);
 
 Cochran v. State,
 
 925 So.2d 370 (Fla. 5th DCA 2006).
 

 REVERSED and REMANDED.
 

 ORFINGER and LAWSON, JJ„ concur.
 

 [1]
 

 . Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)c. provides:
 

 (b) Appeals by Defendant.
 

 [[Image here]]
 

 (2)
 
 Guilty or Nolo Contendere Pleas.
 

 (A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
 

 [[Image here]]
 

 (ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal ...
 

 [[Image here]]
 

 c. an involuntary plea,
 
 if preserved by a motion to withdraw plea
 
 ....
 

 (Emphasis added.)
 

 [2]
 

 . Florida Rule of Criminal Procedure 3.210(a) provides that "[a] person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.” An individual adjudicated incompetent is presumed to remain incompetent until and unless adjudicated competent again after a hearing.
 
 Samson v. State,
 
 853 So.2d 1116 (Fla. 4th DCA 2003). Thus, had Vestal been adjudicated incompetent
 
 prior
 
 to the entry of the plea, the competency issue would have been cognizable on direct appeal without a motion to withdraw plea.
 
 Id.; see also Blackmon v. State,
 
 23 So.3d 239 (Fla. 4th DCA 2009).