# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 13-2814
Lower Tribunal No. 08-21885
_____

**Blas Garcia-Manriquez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before WELLS, EMAS and FERNANDEZ, JJ.

WELLS, Judge.

Blas Garcia-Manriquez appeals from a final judgment of conviction and sentence entered following a guilty plea. He claims that the court below erred in accepting a plea with which he did not entirely agree. Because the issue was not presented to the trial court in a timely motion to withdraw his plea, we are without jurisdiction to consider this claim:

> Generally, to obtain appellate review of a plea of guilty or no contest, the defendant must specifically reserve dispositive issues for appeal or file a motion to withdraw the plea in the trial court. Burns v. State, 884 So. 2d 1010, 1012 (Fla. 4th DCA 2004). Following a guilty or no contest plea, a defendant may appeal only the trial court's lack of subject matter jurisdiction; a violation of a plea agreement, if preserved by a motion to withdraw the plea; an involuntary plea, if preserved by a motion to withdraw the plea; and a sentencing error, if preserved. Fla. R. App. P. 9.140(b)(2)(A); Liebman v. State, 853 So.2d 514, 515 (Fla. 4th DCA 2003).
>
> . . . An issue relating to the voluntary and intelligent nature of the plea falls within the limited class of issues which a defendant may raise on appeal from a guilty or no contest plea without having specifically reserved the right to do so. Robinson v. State, 373 So. 2d 898, 902 (Fla. 1979); Burns, 884 So. 2d at 1013. However, before raising such an issue on appeal, the defendant must first file a motion to withdraw the plea with the trial court. Because Hicks failed to do so, we lack jurisdiction to consider his claim. Liebman.

Hicks v. State, 915 So. 2d 740, 741 (Fla. 5th DCA 2005); see also Fla. R. App. P. 9.140(b)(2)(A).

Because Garcia-Manriquez failed to file a motion to withdraw his plea, we dismiss this appeal without prejudice to Garcia-Manriquez' right to seek appropriate and timely post-conviction relief below.

Dismissed.