DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NIKKO GLEN ALBANESE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1400

[November 12, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502011CF011785 AXXXMB.

Rafael A. Castro, III, and David E. Wolff, Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

*ON COMBINED MOTION FOR CLARIFICATION, CERTIFICATION, AND ISSUANCE OF A WRITTEN OPINION*

STEVENSON, J.

On September 1, 2015, this court issued an order granting the State's March 31, 2015 motion to dismiss appeal for lack of jurisdiction. Appellant has now filed a combined "motion for clarification, for certification of issue for appellate review, and for issuance of a written opinion."[1] We grant the motions for clarification and for issuance of a written opinion, but deny the request for certification. We also vacate the September 1, 2015 order and deny the State's motion to dismiss. Upon consideration of the briefs, the court's opinion is as follows.

---

[1] Florida Rule of Appellate Procedure 9.330 does not authorize Appellant's motion for "certification of issue for appellate review." We treat that portion of Appellant's motion as a request that this court seek supreme court review under rule 9.030(a)(2)(A)(v) ("The discretionary jurisdiction of the supreme court may be sought to review . . . a question certified to be of great public importance.").

The Defendant, Nikko Albanese, pled guilty to two counts of robbery with a firearm and two counts of felon in possession of a firearm. He was adjudicated guilty of all four crimes and sentenced to serve ten years in prison.

The Defendant appeals his conviction on two grounds. First, he argues the plea agreement is void for lack of consideration. Second, he argues the trial court erred in failing to *sua sponte* hold a mental competency hearing.

While defendants who plead guilty have a constitutional right to appeal, "the issues that they can raise on appeal are limited." *Leonard v. State*, 760 So. 2d 114, 116 (Fla. 2000).

> A defendant **may not appeal** from a guilty or nolo contendere plea **except *as follows***:
> (i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order . . . .
> (ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
>   a. the lower tribunal's lack of subject matter jurisdiction;
>   b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
>   c. an involuntary plea, if preserved by a motion to withdraw plea;
>   d. a sentencing error, if preserved; or
>   e. as otherwise provided by law.

Fla. R. App. P. 9.140(b)(2)(A) (emphasis added). The Defendant did not reserve his right to appeal and did not file a motion to withdraw his plea. He claims that his arguments on appeal "tacitly rely" on rule 9.140(b)(2)(A)(ii)a. (the trial court exceeded its subject matter jurisdiction). We disagree.

We find both issues raised on appeal involve the voluntary and intelligent nature of the Defendant's plea. Before raising these issues on appeal, "the defendant must first file with the trial court a motion to withdraw the plea." *Burns v. State*, 884 So. 2d 1010, 1013 (Fla. 4th DCA 2004).

Accordingly, we affirm. *See Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000); *Robinson v. State*, 373 So. 2d 898 (Fla. 1979).

WARNER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***