PER CURIAM.
Doyle Murphy appeals following his sentence after a no-contest plea on one count of sale of a controlled substance. Murphy argues that he was incompetent to enter a plea and that the plea colloquy was inadequate to establish the voluntariness of his plea under Florida Rule of Criminal Procedure 3.170(k). That rule provides: “No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court ... that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty.”
Although we agree that the plea colloquy was inadequate, particularly in light of the mental health issues raised by Murphy, we are without jurisdiction to consider the issue because Murphy did not file a motion to set aside the plea. Fla. R. App. P. 9.140(b)(2)(A)(ii)(c); Hicks v. State, 915 So.2d 740, 741 (Fla. 5th DCA 2005). Accordingly, we dismiss the appeal without prejudice to Murphy’s right to seek appropriate postconviction relief.
DISMISSED.
COHEN, WALLIS and LAMBERT, JJ., concur.