Per Curiam.
Appellant challenges his conviction and sentence on the ground that the court erred by proceeding with his change of plea hearing without determining his competency in accordance with the Florida Rules of Criminal Procedure 3.210-3.212, when the court had earlier ordered a competency evaluation. We reverse. See Deferrell v. State, 199 So.3d 1056, 1061 (Fla. 4th DCA 2016) (holding that where the court ordered a competency evaluation, rule 3.210(b) requires a competency hearing and a determination of competency by the court, and defendant does not waive the right to a competency hearing even if experts find him competent); see also Dougherty v. State, 149 So.3d 672, 679 (Fla. 2014) (“Although the trial court, *140 when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant’s competency, and must enter a written order if the defendant is found competent to proceed.”) Consistent with Dougherty, we remand to the trial court to determine whether a nunc pro tunc competency determination can be made. Id, In this case, the record suggests that an expert evaluated appellant shortly before the change of plea and found him competent. Therefore, on remand, the expert would not be trying to ascertain appellant’s competency from a “cold record.” Id. (quoting Jones v. State, 740 So.2d 520, 523 (Fla. 1999). If, however, the court cannot determine appellant’s competency consistent with due process guarantees, the court should vacate the plea and sentence.
Warner, Gross and May, JJ., concur.