Per Curiam.
During the underlying violation of community control proceedings, appellant was found incompetent and committed to the Department of Children and Families for services. Although the Department notified the court in'July 2012 that appellant no longer met the criteria for continued commitment, appellant was again found incompetent in January 2013. After many status hearings and continuances, the court held a violation hearing, found the defendant guilty, and sentenced him.
The record does not reflect that the trial court held a competency hearing and entered an order finding appellant competent *896 to proceed. See Fla. R. Crim. P. 3.212(e)(7). There is some suggestion that an expert may have found appellant competent prior to the violation hearing. We therefore remand the case “to determine whether a nunc pro tunc competency determination can be made.” Bain v. State, 211 So.3d 139, 140 (Fla. 4th DCA 2017). If “the court cannot determine appellant’s competency consistent with due process guarantees,” the court shall vacate the violation convictions and sentence and hold a new hearing. Id.
This case is remanded to the circuit court for further proceedings consistent with this opinion.
Gross, Conner and Kuntz, JJ., concur.