# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1550
Lower Tribunal Nos. 14-261-A-K & 14-277-A-K

_____

**Glenn Steven Hanes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and EMAS, JJ.

SUAREZ, J.

Glen Steven Hanes appeals from a final judgment of conviction and sentence following a negotiated written plea agreement. Hanes argues that because the plea colloquy was not thorough, the plea is involuntary.

Generally, to obtain appellate review of a plea of guilty or no contest, the defendant must specifically reserve dispositive issues for appeal or file a motion to withdraw the plea in the trial court. Burns v. State, 884 So. 2d 1010, 1012 (Fla. 4th DCA 2004). Following a guilty or no contest plea, a defendant may appeal only the trial court's lack of subject matter jurisdiction; a violation of a plea agreement, if preserved by a motion to withdraw the plea; an involuntary plea, if preserved by a motion to withdraw the plea; and a sentencing error, if preserved. Fla. R. App. P. 9.140(b)(2)(A); Liebman v. State, 853 So. 2d 514, 515 (Fla. 4th DCA 2003).

... An issue relating to the voluntary and intelligent nature of the plea falls within the limited class of issues which a defendant may raise on appeal from a guilty or no contest plea without having specifically reserved the right to do so. Robinson v. State, 373 So. 2d 898, 902 (Fla. 1979); Burns, 884 So. 2d at 1013. However, before raising such an issue on appeal, the defendant must first file a motion to withdraw the plea with the trial court.

Garcia-Manriquez v. State, 146 So. 3d 134 (Fla. 3d DCA 2014) (quoting Hicks v. State, 915 So. 2d 740, 741 (Fla. 5th DCA 2005)); see also Fla. R. App. P. 9.140.

Hanes concedes that he did not timely file a motion to withdraw the plea. As such, we have no jurisdiction to entertain this appeal. We therefore dismiss without prejudice for Hanes to pursue appropriate post-conviction remedies.