# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**VERNSON EDWARD DORTCH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D16-2815 and 4D16-2816

[April 4, 2018]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case Nos. 472015CF000526A and 472016CF000140A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

*EN BANC*

PER CURIAM.

Competency and the requisite procedure to address the issue lie at the heart of this appeal. The defendant appeals his judgment and sentence after entering a nolo contendere plea. He argues the trial court erred in failing to hold a competency hearing and failing to enter an order on the issue prior to accepting his plea. We agree and reverse.

The State charged the defendant with possession of a firearm by a felon, dealing in stolen property, and giving false information to a pawnbroker. His attorney filed a written motion for a competency examination, pursuant to Florida Rule of Criminal Procedure 3.210(b). The motion indicated there were "reasonable grounds to believe" the defendant was incompetent, but did not articulate specific facts concerning the defendant's mental state. The motion indicated the defendant waived the required twenty-day hearing.

The trial court granted the motion and appointed an expert. The order included language reiterating the defendant's waiver of the hearing. It does not appear that an examination or a hearing on competency ever took place.

While incarcerated, the defendant was later charged with a new crime of aggravated assault by a detainee with a deadly weapon and introducing contraband into a county detention facility. His attorney did not move for a competency evaluation in the new case.

The defendant entered an open plea to both cases nearly a year after his initial arrest. The trial court accepted the plea and sentenced the defendant to ten years in prison. The defendant did not move to withdraw his plea. He now appeals the judgment and sentence in both cases.

He argues the trial court erred in failing to conduct a competency hearing, relying on *Samson v. State*, 853 So. 2d 1116 (Fla. 4th DCA 2003). There, we held "[a]n individual adjudicated incompetent is presumed to remain incompetent until [] restored to competence." *Id.* at 1116.

Over the last several years, we have reviewed multiple cases involving the issue of competency. *See, e.g.*, *Bain v. State*, 211 So. 3d 139 (Fla. 4th DCA 2017); *Williams v. State*, 178 So. 3d 531 (Fla. 4th DCA 2015); *R.C. v. State*, 157 So. 3d 458 (Fla. 4th DCA 2015); *Burns v. State*, 884 So. 2d 1010 (Fla. 4th DCA 2004). Depending on the facts, procedural posture, and arguments made, our dispositions have varied, possibly giving the appearance of inconsistency at times. We write to clarify the law in this area.

One thing is certain: competency requires strict adherence to the Florida Rules of Criminal Procedure 3.210-212. *Dougherty v. State*, 149 So. 3d 672, 677-78 (Fla. 2014); *Deferrell v. State*, 199 So. 3d 1056, 1060-61 (Fla. 4th DCA 2016). Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and it must enter a written order on the issue. *See* Fla. R. Crim. P. 3.210(b), 3.212(b).[1] Failure to do so is fundamental error and requires reversal.

---

[1] Rule 3.210(b) provides:

> If, at any material stage of a criminal proceeding, the court . . . has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing.

This means that to raise the issue of a failure to comply with Florida Rules of Criminal Procedure 3.210-212 on direct appeal, it is not necessary that a defendant first file a motion to withdraw plea under Florida Rule of Appellate Procedure 9.140(2)(A) in cases where the trial court has reasonable grounds to believe the defendant is incompetent and has ordered an examination. Indeed, the rules mandate a hearing and an order under such circumstances. This is true regardless of whether the defendant has previously been declared incompetent.[2] This mandate does not apply however if the trial court had no reasonable grounds to believe the defendant is incompetent.

To require a criminal defendant, who may be incompetent, to file a motion to withdraw a plea before raising the issue on appeal is unwarranted. If a defendant is incompetent, confining him to post-conviction relief, without the assistance of counsel, is not a remedy designed to do justice.

We therefore recede from our prior decisions in *Burns*, *Williams*, and *R.C.* to the extent they conflict with our holding. We certify conflict with the First, Third, and Fifth District Courts of Appeal in *Pressley v. State*, 227 So. 3d 573 (Fla. 1st DCA 2017), *Garcia-Manriquez*, and *Hicks*.

Reversed and remanded for further proceedings consistent with this opinion. The trial court may determine the defendant's competence nunc pro tunc if possible. *Hawks v. State*, 226 So. 3d 892, 894-95 (Fla. 4th DCA 2017). If the trial court cannot do so, the judgment and sentence should be vacated and the case set for trial.

*Reversed and Remanded.*

GERBER, C.J., WARNER, GROSS, TAYLOR, MAY, DAMOORGIAN, CIKLIN, LEVINE, CONNER, KLINGENSMITH, and KUNTZ, JJ., concur.

FORST, J., concurs specially with opinion.

---

Rule 3.212(b) provides: "The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed."

[2] We note that we and other District Courts of Appeal have previously required the defendant to file a motion to withdraw a plea before pursuing the competency issue on appeal if the defendant had not previously been found incompetent. *See Burns*, 884 So. 2d at 1012-13; *Garcia-Manriquez v. State*, 146 So. 3d 134, 134 (Fla. 3d DCA 2014); *Hicks v. State*, 915 So. 2d 740, 741 (Fla. 5th DCA 2005). The First and Second Districts have however reversed judgments and sentences on this issue even without a prior adjudication of incompetency. *See Carrion v. State*, No. 2D14-2151 (Fla. 2d DCA Jan. 19, 2018); *Sheheane v. State*, 228 So. 3d 1178, 1179 (Fla. 1st DCA 2017).

FORST, J., specially concurring.

I join in the court's opinion to reverse and remand this case, on the basis that the trial court's failure to afford Appellant with a competency hearing constituted fundamental error. In doing so, we are breaking from our own precedent, and our decision conflicts with the position taken by both the Third and Fifth District Courts of Appeal (as well as two First DCA opinions). This specially concurring opinion is written with the goal of providing a more complete picture of the legal landscape with respect to this issue and this court's resolution.

At the time that Appellant entered his nolo contendere plea, he had not previously been adjudicated incompetent to stand trial. His judgment and sentence were entered following his plea, and he did not subsequently file a motion to withdraw plea prior to the instant appeal. Under similar circumstances ("reasonable grounds" to believe the defendant was incompetent, no prior adjudication of incompetence, a plea deal, no motion to withdraw), this court and others have found no fundamental error and *affirmed* the lower court's disposition or *dismissed* the appeal for lack of jurisdiction. *See, e.g., Burns v. State*, 884 So. 2d 1010, 1011 (Fla. 4th DCA 2004) (affirmed); *Hicks v. State*, 915 So. 2d 740, 741 (Fla. 5th DCA 2005) (dismissed).

Recently, this court, in *Bain v. State*, 211 So. 3d 139 (Fla. 4th DCA 2017), and *Hawks v. State*, 226 So. 3d 892 (Fla. 4th DCA 2017), and our sister district courts in at least three recent opinions have, explicitly or implicitly, found fundamental error and reversed and remanded for a competency hearing, notwithstanding the lack of a previous adjudication of incompetence. These recent opinions provide the impetus to re-examine this issue and provide guidance to the courts for handling this issue in the future.

**Factual Background**

The pertinent factual background is presented in the court's opinion. Despite the trial court's ordering the appointment of an expert "for the purpose of determining competence," there is no indication an examination was ever scheduled by either party or the trial court, and the latter never held a hearing to determine Appellant's competency.

**Legal Background**

Appellant argues that, notwithstanding his failure to file a motion to withdraw his no contest plea to the two charges, this court should hold that the trial court reversibly erred by failing to conduct a competency hearing once it had "reasonable ground to believe that the defendant [wa]s not mentally competent to proceed." Fla. R. Crim. P. 3.210(b).

## A. The Fourth DCA

In arguing that "Appellant is not foreclosed from relief because this appeal arrives from a judgment and sentence entered after an open plea," Appellant relies upon two opinions from this court that are factually distinguishable from the instant case as they involved defendants *who had previously been adjudicated incompetent* and there was no subsequent adjudication of competency prior to the defendant accepting a plea deal. In *Samson v. State*, 853 So. 2d 1116 (Fla. 4th DCA 2003), we held that "[a]n individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence." *Id.* at 1116. Similarly, in *Blackmon v. State*, 23 So. 3d 239 (Fla. 4th DCA 2009), we determined that, absent a competency hearing and a written order stating the defendant was restored to competence, the defendant "remained incompetent to proceed and his negotiated pleas and subsequent sentence must be reversed." *Id.* at 240.

By contrast, *where the defendant had not previously been adjudicated incompetent,* but there were reasonable grounds to believe the defendant was incompetent, we have determined that, although "[a]n issue relating to the voluntary and intelligent nature of the plea falls within the limited class of issues which a defendant may raise on appeal from a guilty or no contest plea without having specifically reserved the right to do so," *Burns v. State*, 884 So. 2d at 1013, "we do not deem such error 'fundamental' so as to obviate the need for filing a motion to withdraw in the trial court before attacking the voluntariness of the plea on appeal." *Id.* at 1014. We have followed this approach in other cases to affirm where, as distinct from *Blackmon* and *Samson*, the defendant had not previously been adjudicated incompetent. *See Williams v. State*, 178 So. 3d 531, 532 (Fla. 4th DCA 2015); *R.C. v. State,* 157 So. 3d 458, 458 (Fla. 4th DCA 2015).

As noted above, two recent opinions from this court run counter to the precedent whereby we reversed only in situations involving a prior finding of incompetence (*Samson* and *Blackmon*), and otherwise affirmed (*Burns*, et al.). In *Bain*, the trial court failed to hold a competency hearing although it "had earlier ordered a competency evaluation." 211 So. 3d at 139. We reversed and remanded for a determination whether a nunc pro tunc competency determination could be made. *Id.* In so doing, we failed to address the *Burns* approach and instead relied on the opinions in two cases that did not involve a plea—*Deferrell v. State*, 199 So. 3d 1056 (Fla. 4th DCA 2016), and *Dougherty v. State*, 149 So. 3d 672 (Fla. 2014). *Bain*, 211 So. 3d at 139-40. We took similar action in *Hawks*, again citing cases that did not involve a plea (other than *Bain*) and failing to reference or distinguish *Burns* and the fundamental error analysis discussed therein. Neither *Hawks* nor *Bain* involved a prior adjudication of incompetence.

### B. The Third and Fifth DCAs

There are a handful of appellate cases from the Third and Fifth Districts wherein the court dismissed the appeal for lack of jurisdiction due to the defendant's failure to file a motion to withdraw plea. *See Hanes v. State*, 232 So. 3d 1073, 1073 (Fla. 3d DCA 2017); *Murphy v. State*, 181 So. 3d 574, 574 (Fla. 5th DCA 2015); *Garcia-Manriquez v. State*, 146 So. 3d 134, 134 (Fla. 3d DCA 2014); *Campos-Carriera v. State*, 106 So. 3d 483, 483 (Fla. 5th DCA 2013); *Bailey v. State*, 21 So. 3d 147, 150 (Fla. 5th DCA 2009); *Hicks*, 915 So. 2d at 741. There is one exception in the Fifth District's dismissal approach: in *Anderson v. State*, 79 So. 3d 884 (Fla. 5th DCA 2012), the court issued a per curiam affirmance with a citation to *Burns*.[3] There is also at least one Fifth District opinion where the court determined that a failure to find the defendant competent was fundamental error notwithstanding the defendant's failure to file a motion to withdraw plea. *See Rumph v. State*, 217 So. 3d 1092, 1094-95 (Fla. 5th DCA 2017). However, as in *Samson* and *Blackmon*, the defendant in *Rumph* had been adjudicated incompetent prior to the plea. *Rumph*, 217 So. 3d at 1095.[4]

### C. The Second DCA

There are several cases in the Second District in which the court has reversed and remanded or relinquished jurisdiction for the trial court to determine the competence of the defendant when a plea was accepted. However, prior to *Carrion v. State*, No. 2D14-2151, *2 (Fla. 2d DCA Jan. 19, 2018) (relinquishing jurisdiction), it appears that all the Second District opinions involved a defendant who had previously been adjudicated incompetent. *See Moulton v. State*, 230 So. 3d 934, 934 (Fla. 2d DCA 2017); *Golloman v. State*, 226 So. 3d 332, 334 (Fla. 2d DCA 2017); *Bylock v. State*, 196 So. 3d 513, 514-15 (Fla. 2d DCA 2016); *Shakes v. State*, 185 So. 3d 679, 680 (Fla. 2d DCA 2016).

### D. The First DCA

---

[3] Anderson's plea was subsequently set aside due to the district court's determination that his trial counsel was ineffective for failing to timely file a motion to withdraw plea. *Anderson v. State*, 183 So. 3d 1146 (Fla. 5th DCA 2015).

[4] In *Vestal v. State*, 50 So. 3d 733 (Fla. 5th DCA 2010), the Fifth District determined that, per *Hicks* and Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)c., it "lack[ed] jurisdiction to consider Vestal's argument with regard to the plea proceeding because Vestal did not file a motion to withdraw her plea with the trial court." *Vestal*, 50 So. 3d at 735. In a footnote, the court cited to *Samson* and *Blackmon* in noting "[a]n individual adjudicated incompetent is presumed to remain incompetent until and unless adjudicated competent again after a hearing," and "had Vestal been adjudicated incompetent *prior* to the entry of the plea, the competency issue would have been cognizable on direct appeal without a motion to withdraw plea." *Vestal*, 50 So. 3d at 735 n.2. This footnote is cited in opinions of the First (*Ross*) and Second (*Shakes*) Districts.

6

In both *Lewis v. State,* 190 So. 3d 208, 209 (Fla. 1st DCA 2016), and *Ross v. State,* 155 So. 3d 1259, 1260 (Fla. 1st DCA 2015), the First District found that the trial court erred in accepting the defendant's plea when there had been a prior adjudication of incompetency, and no subsequent adjudication of competency. However, in two other cases, the First District followed *Burns* in affirming the trial court's acceptance of a plea. *Pressley v. State,* 227 So. 3d 573 (Fla. 1st DCA 2017); *Williams v. State,* 134 So. 3d 975 (Fla. 1st DCA 2012). In both *Pressley* and *Williams,* there is no indication that the defendant had previously been adjudicated incompetent. *Williams* cites to *Burns* and *Pressley* cites to *Williams.*

In *Sheheane v. State,* 228 So. 3d 1178 (Fla. 1st DCA 2017), and *Reynolds v. State,* 177 So. 3d 296 (Fla. 1st DCA 2015), two cases that involved a plea-bargained judgment and sentence *and the absence of a prior adjudication of incompetency,* the First District reversed and remanded without attempting to distinguish its previous *Pressley* and *Williams* opinions that instead affirmed.

## Analysis

### A. There is no consistency nor acknowledgment of inconsistency

As detailed in the previous section, Florida appellate courts have generally taken two approaches to these cases, based on whether the defendant had been previously adjudicated incompetent. However, none of the opinions discussed above have acknowledged that there is such a distinction in treatment on appeal. In fact, in rendering an "against the grain" remand opinion in *Reynolds,* *Sheheane,* *Bain,* *Hawks,* and *Carrion,* the panels failed to acknowledge the conflict with previous opinions of their court or sister courts. For instance, our 2004 opinion in *Burns* failed to distinguish its affirmance holding from the remand holding in this court's 2003 *Samson* opinion, just as *Blackmon* failed to take note of *Burns,* and *Bain* and *Hawks* failed to acknowledge the contrary holding in *Burns* and 2015 opinions in *Williams* and *R.C.*

### B. We have jurisdiction to consider this appeal

In joining the court in answering this question in the affirmative, I first address the court's jurisdiction to even consider this appeal, inasmuch as Appellant pled nolo contendere and failed to file a motion to withdraw plea. On this basis, the Third and Fifth District Courts have dismissed appeals for lack of jurisdiction. Section 924.051(4), Florida Statutes (2016), states, "If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." However, the Florida Supreme Court has clarified that this provision does not pose a *jurisdictional* bar to appellate review and, *absent*

*fundamental error*, district courts should summarily affirm even "clearly frivolous" appeals where the defendant pleaded guilty or nolo contendere. *Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000). Accordingly, we have jurisdiction to consider the instant appeal.

### C. Remand for a determination of competence is appropriate, even in the absence of a prior adjudication of incompetence

As reflected above, in every case that involved a plea of a defendant who had been previously adjudicated incompetent, the courts have reversed and remanded for a competency determination and/or a written order of competency, notwithstanding the defendant's failure to move to withdraw the plea. Either implicitly or explicitly, the courts in those cases have found fundamental error requiring remand to comply with the requirements of Rules 3.210-215. Thus, the question before us is whether it is any less of a fundamental error to fail to abide by Rules 3.210-215 in a case where, although there had not been a previous adjudication of incompetency, the trial court nonetheless "has reasonable ground to believe that the defendant is not mentally competent to proceed." Fla. R. Crim. P. 3.210(b).

"Florida Rules of Criminal Procedure 3.210-3.212 were enacted to set forth the required competency hearing procedures for determining whether a defendant is competent to proceed *or* has been restored to competency." *Dougherty*, 149 So. 3d at 677 (emphasis added) (citing *Mora v. State*, 814 So. 2d 322, 333 (Fla. 2002)). Neither the Rule nor *Dougherty* distinguish the right to an initial competency hearing from the right to determine if the defendant "has been restored to competency."

"A defendant has a procedural 'due process right to an independent finding of competency' once a competency hearing is required." *Carrion*, 2D14-2151, at *1 (quoting *Golloman*, 226 So. 3d at 335). "This right cannot be waived, and a trial court's failure to make such a finding constitutes fundamental error." *Id.* (quoting *Golloman*, 226 So. 3d at 335, which in turn cited to *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016)). We may review the argument that the trial court erred in accepting Appellant's plea without conducting a proper competency hearing or issuing an order regarding his competency for the first time on direct appeal. *Id.* (citing *Shakes*, 185 So. 3d at 683). In so doing, we have de novo review. *Zieler v. State*, 220 So. 3d 1190, 1191 (Fla. 4th DCA 2017).

When dealing with a defendant who had previously been adjudicated incompetent, with no intervening adjudication (pursuant to Rule 3.210) of competence, the trial court *must* make "an independent legal determination regarding whether the defendant is competent, after considering the expert testimony or reports and other relevant factors." *Shakes*, 185 So. 3d at 681 (citing *Dougherty*, 149 So. 3d at 678). When there has been no prior adjudication

of incompetency, as in the present case, the safeguards of Rule 3.210 are only invoked "[i]f defense counsel, the state, or the trial court has reasonable grounds to suggest that a defendant is not mentally competent to proceed, [in which case] the court *must* conduct a competency hearing." *Mairena v. State*, 6 So. 3d 80, 85 (Fla. 5th DCA 2009) (emphasis added); *see also Hawks*, 226 So. 3d at 893 ("Under Rule 3.210, 'once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing.'" (quoting *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011))).

In the instant case, Appellant's attorney filed a motion under Rule 3.210(b) requesting a competency examination, stating there were "reasonable grounds to believe [Appellant was] incompetent to proceed." The trial court granted Appellant's motion (an implicit acknowledgment of "reasonable grounds"), and set a competency hearing, although there is no record of any such hearing or ruling on Appellant's competence.

> The nature of competency goes to the heart of whether a defendant has the capacity to make a cogent, legally binding decision. To find, as the trial court did here, there were reasonable grounds to believe Appellant may be incompetent, and then allow that same potentially incompetent individual to waive his right to determine competency, does not comport with due process. This is a denial of due process, resulting in a fundamental error that requires our intervention despite Appellant's failure to preserve it below.

*Sheheane*, 228 So. 3d at 1181.

Consistent with *Sheheane*, I agree with the decision to recede from *Burns* and its progeny. The failure to apply Rules 3.210-215 and take appropriate measures once the trial court "makes an initial determination that it has reasonable grounds to question the competency of a defendant," *Hawks*, 226 So. 3d at 894, notwithstanding the absence of a prior adjudication of incompetence, constitutes fundamental error that can be raised on direct appeal from a judgment and sentence entered pursuant to a plea.[5]

---

[5] In *Hawks*, we set forth "three steps" a court must take following an "initial determination that it has reasonable grounds to question the competency of a defendant." *Hawks*, 226 So. 3d 894.

> First, the court must enter an order that schedules a competency hearing, appoints experts to evaluate the defendant's competency, and satisfies the requirements of Rule 3.210(b)(4).

> Second, as required by Rule 3.212(b), the court must hold the scheduled hearing during which any party or the court may call the appointed experts

On remand, if the trial court finds Appellant was competent at the time of the plea hearing, it must enter a nunc pro tunc order, and the judgment and sentence need not change. *Sheheane*, 228 So. 3d at 1181 (citing *Zern*, 191 So. 3d at 965). "If, however, the court cannot make a retroactive determination or it finds Appellant was incompetent at the time of the hearing, the court must hold a new hearing [on the merits of the charge(s)], so long as Appellant is presently competent." *Id.*; *see also Reynolds*, 177 So. 3d at 299 ("Should the trial court find, for whatever reason, that an evaluation of [a defendant's] competency at the time of the original trial cannot be conducted in such a manner as to assure [the defendant] due process of law, the court must so rule and grant a new trial." (alterations in original) (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986))).

## Conclusion

The trial court failed to follow the "three step" procedure set forth in *Hawks*, in a case in which there were reasonable grounds to question the competency of Appellant. I thus join the court's opinion in concluding that this constitutes fundamental error requiring that we vacate the conviction and sentence and remand for further proceedings.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

---

to testify, and the parties may introduce any other evidence that has bearing on the defendant's competence.

Third, the court must issue a written order making findings as to the competency of the defendant as is specifically required by Rule 3.212(b).

*Id.* (footnote omitted).