936 So.2d 788 (2006)
Keith TRIBBLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-2092.
District Court of Appeal of Florida, Fourth District.
September 6, 2006.
Keith Tribble, San Diego, CA, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra Fried, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant this petition for belated appeal for the following reasons. On January 13, 2006, the trial court denied petitioner's pro se motions which had sought postconviction relief and additional jail credit. On February 6, 2006, petitioner sent a letter to the trial court which stated, "I appeal. But I don't know who to appeal to because no-one has given me this information." The letter went on to request additional time to appeal the court's order. The trial court denied the motion finding it did not have jurisdiction to grant the relief requested.
The jurisdiction of this court to review final orders of the trial court is "invoked by filing 2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." Fla. R.App. P. 9.110(b). Rule 9.110(d) requires that the notice of appeal be "substantially in the form proscribed by rule 9.900(a)." Defects in form of a notice of appeal or failure to file fees or additional copies of the notice, however, are not jurisdictional. See Fla. R.App. P. 9.040(d) & (h). The court is permitted to "disregard any procedural error or defect that does not adversely affect the substantial rights of the parties." Fla. R.App. P. 9.040(d). Further, "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought." Fla. R.App. P. 9.040(c).
Here, petitioner should have filed a notice of appeal with the clerk of the lower tribunal and did not need to ask for an "extension of time" from the trial court judge to do so. Pro se pleadings, however, should be given liberal construction. Willis v. State, 840 So.2d 1135, 1136 (Fla. 4th DCA 2003). The trial court should have *789 treated petitioner's February 6, 2006 letter, which clearly expressed his desire to appeal, as his notice of appeal from the January 13, 2006 order.
Petition Granted.
GUNTHER, SHAHOOD and MAY, JJ., concur.