BENTON, J.
Gerald M. McKire seeks review of the circuit court’s order denying his petition for a writ of mandamus as untimely. The mandamus petition challenged gain-time forfeitures resulting from several prison disciplinary proceedings. We affirm the denial of the petition for writ of mandamus as untimely.
After Mr. McKire filed his notice of appeal of the order denying his mandamus petition, and in response to an order we issued requiring that he file a certified copy of the circuit court’s order of insolvency for appellate purposes (or pay to the clerk of this court the appellate filing fee), the clerk of the circuit court prepared a certificate stating that Mr. McKire was indigent and had incurred circuit court costs and fees in the amount of $120.50.
On the same day the clerk’s certificate was issued, the circuit court ratified and adopted it as an order of the court. This order, entered post-judgment and while the appeal of the denial of the mandamus petition was pending, ordered the Florida Department of Corrections to place a lien *82 on Mr. McKire’s trust account in the amount of the court costs and fees incurred in the mandamus proceeding in circuit court. From the initial brief, it appears that review is sought of the lien order, too. See generally Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003).
But Mr. McKire never filed a separate notice of appeal (or any paper that could be construed as a notice of appeal) to invoke our jurisdiction as to the lien order, and made no attempt to amend his earlier notice of appeal. See, e.g., Tribble v. State, 936 So.2d 788, 788 (Fla. 4th DCA 2006) (“The jurisdiction of this court ... is ‘invoked by filing 2 copies of a notice ... with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.’ Fla. R.[]App. P. 9.110(b).”); Hamlin v. E. Coast Props., Inc., 616 So.2d 1175, 1176 (Fla. 1st DCA 1993) (“The record is clear that appellants filed their notice of appeal on February 26, 1992, and that such notice of appeal was directed to the aforementioned judgment granting specific performance. Appellants neither filed a new notice of appeal, nor amended their prior notice of appeal at any time. Accordingly, this court does not have subject matter jurisdiction to consider on appeal the February 27, 1992 order.”). Because our jurisdiction over the circuit court’s post-judgment lien order was not timely invoked, we are without authority to review it.
The order denying the petition for writ of mandamus is affirmed.
WEBSTER and VAN NORTWICK, JJ., concur.