NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DAVID S. CRAMER,                     )
                                     )
            Appellant,               )
                                     )
v.                                   )     Case No.   2D15-1434
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

Opinion filed March 1, 2017.

Appeal from the Circuit Court for
Charlotte County; Amy R. Hawthorne,
Judge.

Howard L. Dimmig, II, Public Defender,
and John C. Fisher, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.


ORDER RELINQUISHING JURISDICTION

        David Cramer appeals from his convictions for possession of a controlled

substance, possession of drug paraphernalia, and escape.  He argues that he was

deprived of due process because the trial court failed to make an independent finding that he was competent to proceed to trial. We agree and relinquish jurisdiction to the trial court for further proceedings consistent with this order.

Before trial, two court-appointed experts submitted written reports indicating Cramer was competent. At a hearing that followed, defense counsel stated the experts found Cramer competent and "we are in a position that we are proceeding toward the trial." The trial court made no oral findings regarding Cramer's competency. The State offered to prepare a proposed competency order and although the trial court apparently agreed, there is no competency order in the record.

The rules of criminal procedure require the trial court to hold a hearing when the court has reasonable grounds to question the defendant's competency. Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014) (citing Fla. R. Crim. P. 3.210(b)). A proper competency hearing generally requires testimony from court-appointed expert witnesses, but where the parties and the trial court agree, the court "may decide the issue of competency on the basis of the written reports alone." Id. at 677-78 (quoting Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971)); accord Roman v. State, 163 So. 3d 749, 751 (Fla. 2d DCA 2015) ("If the parties agree, the trial court can make its competency determination based solely on experts' reports."). However, the written reports are advisory only. Dougherty, 149 So. 3d at 678. The trial court is required to make an independent determination of competency. Id. Furthermore, the trial court is not permitted to accept stipulations to the ultimate issue of competency, "even when all the experts have opined that the defendant is competent, as other evidence may

indicate incompetence." Zern v. State, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) (citing Dougherty, 149 So. 3d at 678).

The record shows the trial court failed to conduct a proper competency hearing. Instead, the trial court accepted a stipulation of competence from defense counsel without making an independent determination that Cramer was competent to proceed to trial. See Dougherty, 149 So. 3d at 678. "Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally erred in failing to make such a finding." Zern, 191 So. 3d at 965.

The failure to hold a proper competency hearing or enter a written competency order does not always require vacation of the defendant's judgment and sentence. See Fowler, 255 So. 2d at 515. It is possible to retroactively determine competency provided it can be done in a manner that assures a defendant due process of law. Dougherty, 149 So. 3d at 679 (citing Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). Accordingly, we relinquish jurisdiction to the trial court for sixty days from the date of this order and direct the trial court to conduct a new competency hearing following the procedure set forth by the supreme court in Fowler.

CRENSHAW and BLACK, JJ., Concur.