NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEORGE GOLLOMAN,                        )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D16-2583
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion August 18, 2017.

Appeal from the Circuit Court for DeSoto
County; James S. Parker and Kimberly
Bonner, Judges.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

          George Golloman seeks review of his judgment and sentences for several

charges following a negotiated plea of no contest.  Mr. Golloman argues that the trial

court erred in denying his motion to withdraw plea because there had been no

determination of competency at the time he entered his plea.  We reverse the judgment

and sentence and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Golloman was arrested on December 7, 2013, and charged with possession of cocaine with intent to sell within 1000 feet of a school, resisting arrest with violence, depriving an officer of a means of protection or communication, and possession of drug paraphernalia.  He was found incompetent to proceed on June 3, 2015.  Upon reevaluation, he was determined to be competent by two doctors.  A trial date was set, and on the day of trial, Mr. Golloman accepted a negotiated plea to the following charges, filed under an amended information: possession of a controlled substance, resisting arrest with violence, attempt to deprive an officer of a means of protection or communication, and possession of drug paraphernalia.  He was sentenced to thirty-six months' prison followed by twenty-four months' community control pursuant to the plea agreement.

Mr. Golloman filed a timely motion to withdraw plea, arguing that an order of competency had never been entered and his plea was involuntary.  After acknowledging the lack of a written order, the trial court found that the issue of competency had been addressed, concluded that his plea was voluntary, and denied the motion to withdraw.  For the reasons discussed below, we must reverse.

## II. ANALYSIS

"An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court."  Shakes v. State, 185 So. 3d 679, 681 (Fla. 2d DCA 2016) (quoting Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014)).  "Under Florida Rule of Criminal Procedure 3.210, a criminal prosecution may not move forward at any material stage, which includes entry of a plea,

against a defendant who is incompetent to proceed." Ross v. State, 155 So. 3d 1259, 1259 (Fla. 1st DCA 2015).

Upon receiving notice that the defendant has regained competence, the trial court is required to hold a hearing to determine if the defendant is in fact competent to proceed. Bylock v. State, 196 So. 3d 513, 515 (Fla. 2d DCA 2016); Shakes, 185 So. 3d at 681 (citing Roman v. State, 163 So. 3d 749, 751 (Fla. 2d DCA 2015)). At the competency hearing, the trial court may hear live testimony of the court-appointed experts, "or where the parties and the trial court agree, the trial court 'may decide the issue of competency on the basis of the written reports alone.' " Shakes, 185 So. 3d at 681 (quoting Dougherty, 149 So. 3d at 677-78). "However, the court must regard the reports as advisory only." Zern v. State, 191 So. 3d 962, 964 (Fla. 1st DCA 2016).

The trial court must make an independent determination of competency and enter a written order containing its findings. Shakes, 185 So. 3d at 681. Relying on a stipulation of counsel to determine competency "improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial." Dougherty, 149 So. 3d at 678. This is so even when the expert reports are in agreement as to the defendant's competency. Cramer v. State, 213 So. 3d 1028, 1029 (Fla. 2d DCA 2017).

Once a reason for a competency hearing has arisen, the defendant has a due process right to an independent finding of competency. Zern, 191 So. 3d at 965. This right cannot be waived, and a trial court's failure to make such a finding constitutes fundamental error. Id.

In this case, the record does not reflect that the trial court made an independent determination of competency before Mr. Golloman entered his plea. The record shows that on March 23, 2016, the new presiding judge on the case inquired as to whether there had been a formal adjudication as to competency. Counsel could not recall, and the trial court ultimately relied on a stipulation of counsel that competency had been restored. The trial court made no oral finding of competency, and no written order of competency was entered.

On March 28, 2016, the day Mr. Golloman was scheduled for trial, the court denied his request to be reevaluated for competency, stating, "at this point, we have our standing evaluation, you know, after his discharge that tells us that he is competent." After some discussion, Mr. Golloman entered a plea, and the trial court sentenced him according to that plea agreement.

Mr. Golloman filed a timely motion to withdraw his plea based on the lack of a proper determination of competency. The trial court denied the motion, stating:

> I'm confident that we addressed his restored competency although again I do acknowledge there was not an order presented that did so. But the evaluations speak for themselves, and I would also think that that lack of a -- of a formal entry of a record was quite probably waived by entry of a plea without raising it at that time.

This was error.

Having been adjudicated incompetent to stand trial on June 3, 2015, Mr. Golloman was thereafter presumed to be incompetent until, after proper notice and hearing, the court found otherwise. See Roman, 163 So. 3d at 750-51. The expert evaluations were merely advisory, and it was incumbent upon the trial court to make the ultimate determination of competency. See Shakes, 185 So. 3d at 681; Zern, 191 So.

- 4 -

3d at 964. However, the record shows that no determination of competency was ever made by the trial court, nor was a written order entered. Counsels' stipulation as to competency was insufficient, see Dougherty, 149 So. 3d at 678, and Mr. Golloman did not waive this due process violation by entering a plea without raising the issue of competency, see Zern, 191 So. 3d at 965.

### III. CONCLUSION

We reverse the judgment and sentences and remand this matter for the trial court to allow Mr. Golloman to withdraw his plea and to hold a proper competency hearing in accordance with this opinion. As the trial court did below, we caution Mr. Golloman that, should he withdraw his plea, the State can proceed against him on the original charges.

Reversed and remanded with instructions.

SILBERMAN and MORRIS, JJ., Concur.