NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEBORAH JEAN MOULTON,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. 2D16-5416
　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　)
_____)

Opinion filed November 15, 2017.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Linsey Sims-Bohnenstiehl,
Assistant Attorney General, Tampa, for
Appellee.

**ORDER RELINQUISHING JURISDICTION**

VILLANTI, Judge.

　　　　　Deborah Jean Moulton appeals her conviction and sentence for the

reduced charge of principal to manslaughter with a firearm, contending that her due

process rights were violated because the trial court did not make an independent

determination that she had been restored to competency before it accepted her plea to the reduced charge.  Because it is not clear that the trial court made an independent finding of competency, we relinquish jurisdiction for sixty days, as we recently did in Cramer v. State, 213 So. 3d 1028 (Fla. 2d DCA 2017), for the trial court to conduct a new competency hearing.

Moulton's competency was a recurring issue after she was arrested and charged with one count of principal to second-degree murder with a firearm in May 2014.  She was adjudicated incompetent to proceed on October 9, 2014, but the court found her competency restored on January 7, 2015.  Moulton was again adjudicated incompetent to proceed on May 6, 2015.  On that date, she was committed to the Department of Children and Families (the Department) for treatment.

On August 6, 2015, the administrator of the Department's treatment center forwarded a new competency evaluation report to the court.  This report, authored by a staff psychologist and dated August 6, 2015, concluded that Moulton was then competent to proceed.  The administrator of the treatment center requested that the court arrange for Moulton to be returned to Collier County for further proceedings.

On August 27, 2015, the trial court held a hearing on Moulton's competence.  The hearing began with the following:

> THE COURT:  Do you waive her presence?
> MR. VERDERAMO (defense counsel):  Yes, Judge.
> THE COURT:  Okay.
> MR. VERDERAMO:  Judge, I've prepared an order. Mr. Stewart (counsel for the State) has (inaudible) and has no objection.
> THE COURT:  So both of you are agreeing that at this point she has been restored to competency based on the report filed, and we can proceed; is that correct?
> MR. VERDERAMO:  Yes, Judge, that's correct.

- 2 -

THE COURT: Okay. Now what has to be done in order to get this case ready for trial?

Counsel and the court then had a discussion concerning the timing of trial and various pretrial proceedings, which included scheduling an evaluation of Moulton in support of an insanity defense. Then, just before the hearing concluded, the following ensued:

MR. STEWART: Oh, and Judge, you're finding her competent to proceed?
THE COURT: Yes, I entered the order—
MR. STEWART: Okay.
THE COURT: — based on the information. Does that conclude the docket?

The order actually signed by the trial court states:

THIS MATTER having come before this Court for a determination of competency, and the Court having been advised in the premises on both the facts and the law respecting the said Motion, it is therefore:
ORDERED AND ADJUDGED that the aforesaid Motion is GRANTED.
Both parties agree the aforementioned Defendant is competent to proceed to trial based upon the report dated August 6, 2015 by Armando Collado, Ph.D.

After she was adjudged competent, Moulton entered into a negotiated plea with the State to a reduced charge, and she was convicted and sentenced based on her plea. She now contends that the court's acceptance of her plea violated due process because the court did not make an independent determination that she had been restored to competency.

As an initial matter, this issue is properly before this court in this appeal even though Moulton did not file a motion seeking to withdraw her plea. The supreme court has held that a trial court's failure to comply with the requirements of Florida Rules of Criminal Procedure 3.210-3.212 regarding competency procedures constitutes a

violation of due process.  See Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014).

Moreover, this court has held that a defendant who was adjudicated incompetent before

entering a plea may raise the issue of an improper adjudication of competency on direct

appeal even in the absence of a motion to withdraw the plea.  See Shakes v. State, 185

So. 3d 679, 683 (Fla. 2d DCA 2016) (quoting Ross v. State, 155 So. 3d 1259, 1260

(Fla. 1st DCA 2015)).  Hence, we address the issue on the merits.

Turning to those merits, this court summarized the law in this area in its

discussion in Shakes.

> "An individual who has been adjudicated incompetent
> is presumed to remain incompetent until adjudicated
> competent to proceed by a court." Dougherty v. State, 149
> So. 3d 672, 676 (Fla. 2014) (quoting Jackson v. State, 880
> So. 2d 1241, 1242 (Fla. 1st DCA 2004)).  Florida Rules of
> Criminal Procedure 3.210 through 3.212 "set forth the
> required competency hearing procedures for determining
> whether a defendant is competent to proceed or has been
> restored to competency." Dougherty, 149 So. 3d at 677.
> Rule 3.210(a) provides that "[a] person accused of an
> offense or a violation of probation or community control who
> is mentally incompetent to proceed at any material stage of a
> criminal proceeding shall not be proceeded against while
> incompetent."  "[W]hen the court receives notice that a
> defendant has regained competence, the court shall hold a
> hearing to determine if a defendant is competent to
> proceed." Roman v. State, 163 So. 3d 749, 751 (Fla. 2d
> DCA 2015) (citing Jackson, 880 So. 2d at 1242); Fla. R.
> Crim. P. 3.212(c).  The trial court may take the testimony of
> court-appointed experts designated under rule 3.211, or
> where the parties and the trial court agree, the trial court
> "may decide the issue of competency on the basis of the
> written reports alone." Dougherty, 149 So. 3d at 677-78
> (quoting Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971));
> see Roman, 163 So. 3d at 751 ("If the parties agree, the trial
> court can make its competency determination based solely
> on experts' reports.").  The trial court is tasked with making
> an independent legal determination regarding whether the
> defendant is competent, after considering the expert
> testimony or reports and other relevant factors.  Dougherty,

- 4 -

149 So. 3d at 678 (holding that defendant may not stipulate to ultimate issue of competency because trial court retains responsibility to determine that issue). "[I]f a trial court finds that a defendant is competent to proceed, it must enter a written order so finding." Id.

Shakes, 185 So. 3d at 681 (alterations in original) (emphasis added). Hence, while the trial court may rely on the written reports if the parties agree to that procedure, the court may not rely solely on the parties' stipulation to competency, and the record must be clear that the court has made an independent determination of the defendant's competency. In other words, punctilious compliance with the competency restoration procedures set forth in rules 3.210-3.212 is required.

Here, nothing in the record unmistakably shows that the trial court made an independent determination of Moulton's competency. The court did not consider the testimony of any experts at the hearing, and nothing in the record shows that the court reviewed and relied upon the report prepared by the psychologist from the treatment center. Cf. Merriell v. State, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015) (finding the trial court's procedure sufficient when the court stated on the record that it had reviewed the competency evaluation report and specifically stated that it was finding the defendant competent to proceed); Molina v. State, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006) (noting that the court may rely on only the written reports regarding the defendant's competency if the parties agree to this procedure). The trial court's statement that it had entered the order based on "the information," made at the end of the hearing, is too vague to unequivocally show that the court reviewed and relied on the psychologist's report rather than the parties' agreement. Moreover, the trial court could not have made a determination of competency based on Moulton's actions at the

hearing because counsel had waived her appearance and she was not present. See Dougherty, 149 So. 3d at 678 (noting that a court could disagree with expert's reports based on other evidence such as the defendant's courtroom behavior or attorney representations). Instead, the only indication in the record is that the trial court relied solely on the "agreement" of defense counsel and the State that Moulton was competent—a procedure which is not legally sufficient. See Roman v. State, 163 So. 3d 749, 750-51 (Fla. 2d DCA 2015); see also Zern v. State, 191 So. 3d 962, 965 (Fla. 1st DCA 2016); S.B. v. State, 134 So. 3d 528 (Fla. 4th DCA 2014). Because we cannot presume that proper findings were made sub silencio and because the trial court did not comply with the requirements of rule 3.212 in adjudicating Moulton competent, it appears that her conviction and sentence may have been entered in violation of due process.

The final question is the proper remedy. The supreme court in Dougherty noted that "the remedy for a trial court's failure to follow the procedures discussed above depends on the circumstances of each case." Dougherty, 149 So. 3d at 679. In Shakes—which is procedurally and factually quite similar to this case—this court reversed Shakes' conviction and sentence, remanded for the trial court to permit Shakes to withdraw his plea, and ordered the trial court to hold a proper competency hearing on remand. Shakes, 185 So. 3d at 683. More recently however, rather than reversing the convictions, this court entered an order relinquishing jurisdiction for sixty days and directing the trial court to conduct a new competency hearing. See Cramer, 213 So. 3d at 1029 (citing Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971)). In Fowler, the supreme court explained:

However, our finding [that the trial court's procedure was inadequate] does not require vacation of the judgment and sentence entered against defendant at this time. Knight v. State, 164 So. 2d 229 (Fla. [3d DCA] 1964); United States v. Walker, 301 F.2d 211 (6[th] Cir. 1962). Instead, the cause is temporarily remanded to the Circuit Court of Pinellas County with directions that the claim of insanity at the time of trial be determined in a full hearing as required by CrPR 1.210(a). If upon such hearing the trial Court determines that the defendant was sane at the time of trial, the Court is ordered to forthwith transmit the entire record of the case, including a transcript of the sanity hearing, and a copy of the trial judge's order finding defendant sane, back to this Court. . . .

If, however, the trial Court shall determine the defendant was insane at the time of trial but is now sane, the Court is directed to vacate the adjudication of guilt and sentence, to give the defendant an opportunity to replead, and to set a new trial date; or if the holding of the trial Court shall be that the defendant was insane at the time of trial and is now or remains insane, the Court is directed to vacate the adjudication of guilt and sentence and commit the defendant to the proper institution.

Fowler, 255 So. 2d at 515-16. In Cramer, this court followed the Fowler court's suggestion and relinquished jurisdiction and "direct[ed] the trial court to conduct a new competency hearing following the procedure set forth by the supreme court in Fowler." 213 So. 3d at 1029.

In this case, in light of the fact that Moulton entered a negotiated plea agreement with the State to reduced charges, we follow Cramer and relinquish jurisdiction to the trial court for sixty days from the date of this order and direct the trial court to conduct a proper competency hearing in accordance with the guidance provided in Fowler.

Jurisdiction relinquished with directions.

LaROSE, C.J., and SALARIO, J., Concur.