ORDER RELINQUISHING JURISDICTION LaROSE, Chief Judge. Nicholas J. Camón appeals his judgment and sentence imposed after he pleaded guilty to lewd or lascivious conduct. See § 800.04(6)(a)(l), (6)(b), Fla. Stat. (2012). We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A), 9.140(b)(1)(A). The trial court erred in accepting Mr. Carrion’s plea without making an independent finding of competency or issuing a written order on competency. Therefore, we relinquish jurisdiction for sixty days, as we recently did in Moulton v. State, 230 So.3d 934, 42 Fla. L. Weekly D2434 (Fla. 2d DCA Nov. 15, 2017), and Cramer v. State, 213 So.3d 1028 (Fla. 2d DCA 2017), for the trial court to conduct a new competency hearing. Factual Background The State charged Mr. Carrion with two counts of sexual battery on a person less than twelve years old. See § 794.011(2)(a), Fla. Stat. (2012). His counsel filed a successful motion to appoint a committee of experts to evaluate and determine Mr. Carrion’s competency. A psychiatrist and a psychologist evaluated Mr. Carrion. They filed their reports with the trial court. Both experts opined that Mr. Carrion was competent to proceed to trial. The hearing on Mr. Carrion’s competency was brief. DEFENSE COUNSEL: Judge, Mr. Carrion’s competency reports came back. Both Doctors indicate that they believe that he is competent to stand trial. I can’t recall at this time and I can’t connect to my office computer to find out if we have a trial date. Do we have a trial date? ASSISTANT STATE ATTORNEY: We do. It’s in October, Judge. THE COURT: We’ll keep it set for trial. Thank you very much. DEFENSE COUNSEL: Thank you. (Whereupon, the proceedings concluded.) The trial court made no oral or written findings as to Mr. Carrion’s competency. Mr. Carrion’s counsel made no objection at the hearing. Later, Mr. Carrion entered a negotiated plea of guilty to one count of lewd or lascivious conduct, a second-degree felony. See § 800.04(6)(a)(l), (6)(b). The trial court accepted Mr. Carrion’s plea and sentenced him to fifteen years in prison. Mr. Carrion did not file a motion to withdraw his plea. This appeal followed. Analysis Mr. Carrion argues for the first time that the trial court erred in accepting his plea without conducting a proper competency hearing or issuing an order regarding his competency. A defendant has a procedural “due process right to an independent finding of competency” once a competency hearing is required. Golloman v. State, 226 So.3d 332, 335 (Fla. 2d DCA 2017) (citing Zern v. State, 191 So.3d 962, 965 (Fla. 1st DCA 2016)). “This right cannot be waived, and a trial court’s failure to make such a finding constitutes fundamental error.” Id. (citing Zern, 191 So.3d at 965). We may review the issue raised by Mr. Carrion for the first time on direct appeal. See Shakes v. State, 185 So.3d 679, 683 (Fla. 2d DCA 2016). Our review is de novo. See Presley v. State, 199 So.3d 1014, 1017 (Fla. 4th DCA 2016). “[0]nce a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to. conduct a competency hearing.” Monte v. State, 51 So.3d 1196, 1202 (Fla. 4th DCA 2011). The trial court must make “an independent legal determination regarding whether the defendant is competent, after considering the expert testimony or reports and other relevant factors.” Shakes, 185 So.3d at 681 (citing Dougherty v. State, 149 So.3d 672, 678 (Fla. 2014)). When the trial court and parties agree, the trial court “may decide the issue of competency on the basis of written reports alone.” Dougherty, 149 So.3d at 679. The trial court may not rely on a stipulation that the defendant is competent, “even when the expert reports are in agreement as to the defendant’s competency.” Golloman, 226 So.3d at 335 (first citing Dougherty, 149 So.3d at 678; then citing Cramer, 213 So.3d at 1029). “[I]f a trial court finds that a defendant is competent to proceed, it must enter a written order so finding.” Dougherty, 149 So.3d at 678. Here, the record does not indicate that the parties stipulated to having the trial court base its competency determination on the expert reports alone. Even with such a stipulation, the trial court never determined Mr. Carrion’s competency. At the competency hearing, the trial court did not indicate whether it reviewed the reports. Nor did it make an oral finding of competency. And, the trial court did not enter a written order of competency. The trial court erred in failing to make an independent competency finding and in failing to enter a written order of competency. See Dougherty, 149 So.3d at 678; Cramer, 213 So.3d at 1029. Howevér, we are not compelled to vacate Mr. Carrion’s judgment and sentence at this time. See Fowler v. State, 255 So.2d 513, 515 (Fla. 1971); Cramer, 213 So.3d at 1029; Instead, we relinquish jurisdiction to the trial court for sixty days to conduct a new competency hearing. See Moulton, 230 So.3d at -, 42 Fla. L. Weekly at D2435 (relinquishing jurisdiction for the trial court to conduct a new competency hearing); Cramer, 213 So.3d at 1029 (same). Mr. Carrion must be present at the new competency hearing. See Sheheane v. State, 228 So.3d 1178, 1181 (Fla. 1st DCA 2017). At the competency hearing, a retroactive determination of competency may be possible and. legally permissible because there were two pre-plea psychological evaluations performed. Cf. Monte, 51 So.3d at 1203 (“[A] retroactive determination of competency may be possible and legally permissible because three pre-trial psychological evaluations, have in fact already been performed and the records associated with those evaluations may .remain available for review and consideration.”). See generally Presley, 199 So.3d at 1019 (explaining that a retroactive determination of competency is permissible if “there are enough expert and lay witnesses who examined or observed the defendant contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing”). “The parties may agree to the use of the previous evaluators’ written reports .... ” See Sheheane, 228 So.3d at 1181. If the trial court finds Mr. Carrion “was competent at the time of the plea hearing, it must enter a nunc pro tunc order, and the judgment and sentence need not change.” See id. But if the trial court cannot make a retroactive determination or if it finds Mr. Carrion was incompetent at the time of the plea hearing, the trial court must allow Mr. Carrion to withdraw his guilty plea, so long as Mr. Carrion is presently competent, See Golloman, 226 So.3d at 335. At the end of the relinquishment period, counsel for the parties shall file a status report with this court to indicate the outcome of the competency hearing and advising of the need for further proceedings. Jurisdiction relinquished with directions. VILLANTI and SALARIO, JJ., Concur.