IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LOUIS BURNEY, JR.,

      Appellant,

 v.                                                                          Case No.  5D17-1619

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 18, 2018

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

James S. Purdy, Public Defender, and
Andrew Mich, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

      Louis Burney, Jr. ("Burney") appeals his judgment and sentence for kidnapping

with a weapon and aggravated battery with a deadly weapon or causing great bodily

harm.  Burney does not contest the merits of his case but contends that the trial court

erred in finding him competent to proceed to trial based upon the parties' stipulation rather than making an independent determination. We agree.

The courts have consistently held that it is error for a trial court to base its decision regarding a defendant's competency upon a stipulation rather than making an independent determination. For example, in <u>Dougherty v. State</u>, 149 So. 3d 672 (Fla. 2014), the Florida Supreme Court explained:

> [N]othing in our precedent or the State's argument persuades us that a defendant can stipulate to the ultimate issue of competency, even where the written reports reach the same conclusion. Even in a situation where all the experts opine that a defendant is competent, the trial court could presumably disagree based on other evidence such as the defendant's courtroom behavior or attorney representations. Further, the language of rule 3.212(c)(7) and rule 3.212(b) discussed above does not allow parties to stipulate to the issue of competency. <u>See</u> <u>Jones</u>, 125 So. 3d at 984 (citing <u>Macaluso</u>, 12 So. 3d at 915). . . . Thus, based on our precedent and the procedural rules for competency determinations, a defendant cannot stipulate that he is competent, particularly where he has been previously adjudicated incompetent during the same criminal proceedings. Further, if a trial court finds that a defendant is competent to proceed, it must enter a written order so finding.

<u>Id.</u> at 678 (footnote omitted). In <u>Rumph v. State</u>, this court cited <u>Dougherty</u> in holding that "[t]he parties may stipulate to deciding competency based on the written expert reports rather than live expert testimony, but the defendant and the other parties may not stipulate to competency itself . . . as the trial court must make an independent determination on the issue." 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017) (citing <u>Dougherty</u>, 149 So. 3d at 678).[1]

---

[1] The courts in other decisions have reached the same conclusion and remanded cases in which the trial court agreed to a stipulation of competency rather than making an independent determination. <u>See</u> <u>Carrion v. State</u>, 235 So. 3d 1051, 1053 (Fla. 2d DCA

In instances where a competency finding is erroneously based on the stipulation of the parties, the courts generally remand the case to the trial court to make a retroactive determination of competency. This procedure was explained by the Fourth District Court in Baker v. State, 221 So. 3d 637 (Fla. 4th DCA 2017):

> Thus, on remand, if the court can make a nunc pro tunc finding as to appellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order.

Id. at 641; accord Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) ("Accordingly, we remand the case to the trial court for entry of a nunc pro tunc order finding Holland competent to stand trial."). In making this determination, "[t]he parties may agree to the use of the previous evaluators' written reports, which shall be filed with the court and placed in the record." Sheheane, 228 So. 3d at 1181. If the trial court determines that a defendant was competent at the time of the trial, it must enter a nunc pro tunc written

---

2018) ("The trial court erred in failing to make an independent competency finding and in failing to enter a written order of competency."); Moulton v. State, 230 So. 3d 934, 937 (Fla. 2d DCA 2017) ("[W]hile the trial court may rely on the written reports if the parties agree to that procedure, the court may not rely solely on the parties' stipulation to competency, and the record must be clear that the court has made an independent determination of the defendant's competency."); Hanna v. State, 232 So. 3d 1026, 1027 (Fla. 4th DCA 2017) ("The trial court's reliance on this stipulation was erroneous."); Sheheane v. State, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017) ("To find, as the trial court did here, there were reasonable grounds to believe Appellant may be incompetent, and then allow that same potentially incompetent individual to waive his right to determine competency, does not comport with due process."); Zern v. State, 191 So. 3d 962, 965 (Fla. 1st DCA 2016) ("The record in this case establishes that the trial court relied on the stipulation of defense counsel and the preponderance of the experts' ultimate opinions to make its competency determination, without having read all the evaluations. It does not show an independent finding."); Williams v. State, 169 So. 3d 221, 223 (Fla. 2d DCA 2015) ("Because the trial court erroneously allowed Williams to stipulate to his competency, we must reverse.").

3

order without altering the judgment.  See Zern, 191 So. 3d at 965.  "If the trial court finds that [a defendant] was incompetent or that a retrospective determination is not possible in this case, it must hold a new trial, as long as [the defendant] is and remains competent on remand."  Id.

We therefore reverse the trial court's order finding Burney competent to proceed and remand this case to the trial court to make a retroactive determination of competency consistent with this opinion.

REVERSED and REMANDED.


SAWAYA, BERGER and WALLIS, JJ., concur.

4