NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL C. SUTTON,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

Case No. 2D17-4073

Opinion filed January 23, 2019.

Appeal from the Circuit Court for Polk County; William Sites, Judge.

Howard L. Dimmig, II, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Brandon R. Christian, Assistant Attorney General, Tampa; and Bilal Ahmed Faruqui, Assistant Attorney General, Tampa (substituted as counsel of record), for Appellee.

## ORDER RELINQUISHING JURISDICTION

CASANUEVA, Judge.

        Michael C. Sutton appeals his judgments and sentences for attempted second-degree murder and possession of a firearm by a convicted felon following his nolo contendere plea to the charges. Mr. Sutton argues, and the State correctly

concedes, that the trial court erred by failing to conduct a competency hearing and by failing to enter a competency order.  Therefore, this case must be remanded for the trial court to determine, if it is able, whether Mr. Sutton was competent at the time he entered the plea and to enter a competency order reflecting its finding.

Prior to Mr. Sutton's plea, his attorney successfully moved for an order appointing mental health experts to examine Mr. Sutton to determine if he was mentally competent to proceed to trial.  Two experts examined Mr. Sutton and one expert found that he was not competent to proceed, while the other expert found that he was competent to proceed.

At the change of plea hearing, the trial court asked Mr. Sutton if he was "suffering today or in the past from any mental health disorder that effects your thinking?"  Mr. Sutton replied in the affirmative and his attorney stated "In the past."  The trial court then inquired:

THE COURT: Alright, you feel like you know what you're doing here today?

THE DEFENDANT: Yes, Sir.

THE COURT: Your responses appear to [be] appropriate to the questions posed.  Are you taking any medication now?

THE DEFENDANT: No, Sir.

THE COURT: And do you feel like your mind's clear?

THE DEFENDANT: Yes, Sir.

. . . .

THE COURT: Alright.  Has he previously been declared incompetent?

- 2 -

[DEFENSE COUNSEL]: No Sir, he was evaluated was um--rehabilitated or uh--re-reintroduced into the system as competent. We actually had a independent evaluation done afterwards. It came back competent as well.

There is no indication in the record that the trial court was given the opportunity to review the experts' reports.

Florida Rule of Criminal Procedure 3.212(b) requires a trial court to enter a written order if the court finds the defendant competent to proceed. Further, a trial court may not accept a stipulation from the parties regarding a defendant's competency to stand trial because doing so "improperly absolves the trial court from making an independent determination." Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014).

> Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed.

Id. at 679.

There are three recent cases from this court addressing this issue: Sallee v. State, 244 So. 3d 1143 (Fla. 2d DCA 2018), Carrion v. State, 235 So. 3d 1051 (Fla. 2d DCA 2018), and Moulton v. State, 230 So. 3d 934 (Fla. 2d DCA 2017). In each case, the trial court appointed experts to evaluate the defendant's competency to proceed, and at a competency hearing, the defense attorney recounted the findings of the experts and conceded that the defendant had been found competent. The trial court in each case never entered a written order in which it made an independent finding that the defendant was competent. Sallee, 244 So. 3d at 1145; Carrion, 235 So. 3d at 1053; Moulton, 230 So. 3d at 936; see also Golloman v. State, 226 So. 3d 332, 335 (Fla. 2d

DCA 2017) (holding that the trial court improperly relied on stipulation of counsel that the appellant's competency had been restored, because after a reason for a competency hearing has arisen, a "defendant has a due process right to an independent finding of competency").

In Sallee, 244 So. 3d at 1146-47, where the trial court had instructed defense counsel to prepare an order finding the defendant competent, but no such order was in the record, this court merely remanded the case for the trial court to enter a nunc pro tunc order finding the defendant competent. However, in Carrion, 235 So. 3d at 1053-54, where the trial court never made a determination regarding the defendant's competency, this court remanded the case for a new competency hearing, noting that "a retroactive determination of competency may be possible and legally permissible because there were two pre-plea psychological evaluations performed." This court further held that if the trial court finds that the defendant was competent when he entered his plea, it should enter a nunc pro tunc order and the judgment and sentence would remain. Id. at 1054. On the other hand, this court instructed that if a retroactive determination cannot be made or if the trial court finds that the defendant was incompetent when he entered his plea, the trial court should allow the defendant to withdraw his plea if he is presently competent. Id. This court outlined the same procedure in Moulton, 230 So. 3d at 939.

Accordingly, we relinquish jurisdiction to the trial court for sixty days to conduct a competency hearing, at which Mr. Sutton must be present. See Carrion, 235 So. 3d at 1054. "At the competency hearing, a retroactive determination of competency

may be possible and legally permissible because there were two pre-plea psychological evaluations performed." Id.

If the trial court finds that Mr. Sutton "was competent at the time of the plea hearing, it must enter a nunc pro tunc order, and the judgment and sentence need not change." See id. (quoting Sheheane v. State, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017)). However, if the trial court finds that Mr. Sutton was incompetent at the time of the plea hearing or if it cannot make a retroactive determination, the court must allow Mr. Sutton to withdraw his plea, so long as Mr. Sutton is competent to do so. See id. At the end of the relinquishment period, counsel for the parties shall file a status report with this court to indicate the outcome of the competency hearing and to advise this court of the need for further proceedings.

Jurisdiction relinquished with directions.

KELLY and LUCAS, JJ., Concur.