NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM ALLEN KING, )
DOC #S39611, )
       )
      Appellant, )
       )
v. )     Case No. 2D16-3004
       )
STATE OF FLORIDA, )
       )
      Appellee. )
_____)

Opinion filed January 25, 2019.

Appeal from the Circuit Court for
DeSoto County; Kimberly C. Bonner,
Judge.

Howard L. Dimmig, II, Public
Defender, and Megan Olson, Assistant
Public Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney
General, Tallahassee, and Bilal
Ahmed Faruqui, Assistant Attorney
General, Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          A jury found William A. King guilty of battery on a staff member of a

detention facility for sexually violent predators.  See § 784.074, Fla. Stat. (2014).  On

appeal from the judgment, King challenges his conviction on the grounds that (1) after

ordering competency evaluations, the trial court never conducted a competency hearing or determined him competent to proceed and (2) the trial court failed to properly instruct the jury that he had previously been adjudicated insane and that his sanity had not been judicially restored. The State concedes error on the first ground and urges remand for a nunc pro tunc competency hearing. Although we also find error on the second ground, we conclude that it was harmless, and so we agree that we must reverse and remand for a nunc pro tunc competency hearing.

## Background

King was charged in 1987 with aggravated battery on a female victim and was charged in 1988 with aggravated assault on a female victim and with possession of a firearm by a convicted felon. King was found not guilty by reason of insanity in both cases, was committed to the Department of Children and Families, and was placed in the South Florida State Hospital (FSH). He was conditionally released in 1995, violated the terms of his release, and was returned to FSH in 1997.

King assaulted a female FSH employee in 2002 and assaulted two others in March and April 2003. In 2012, he was classified as a sexually violent predator and was placed in the Florida Civil Commitment Center (FCCC), where he has been ever since. In June 2015, King battered a female FCCC employee. This led to the charge underlying this appeal.

## Analysis

The trial court found reasonable grounds to believe that King was incompetent to stand trial and twice appointed experts to evaluate his competency. Yet it conducted no competency hearing and rendered no written order pronouncing him

competent to proceed. As the State concedes, the court's failure to hold a hearing and to rule on King's competency was error. See Fla. R. Crim. P. 3.210(b); Charles v. State, 223 So. 3d 318, 328 (Fla. 4th DCA 2017) ("Once the trial court appoints experts to examine the defendant's competency, the trial court may not proceed against the defendant without holding a competency hearing and ruling on the defendant's competency."); see also Golloman v. State, 226 So. 3d 332, 335 (Fla. 2d DCA 2017) ("Once a reason for a competency hearing has arisen, the defendant has a due process right to an independent finding of competency. This right cannot be waived, and a trial court's failure to make such a finding constitutes fundamental error." (citation omitted) (citing Zern v. State, 191 So. 3d 962, 965 (Fla. 1st DCA 2016))).

"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." Dougherty v. State, 149 So. 3d 672, 678-79 (Fla. 2014). A new trial is not necessary, however, if a retroactive determination of competency is possible. See id. at 679. Such a determination may be possible if "there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing." Id. (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)).

In this case, a nunc pro tunc hearing may be feasible because there are several expert and lay witnesses—such as the two doctors whom the trial court appointed to evaluate King, a third doctor whom King independently retained to conduct an evaluation, and a correctional officer who frequently worked with King—who can

provide evidence pertinent to King's competency at the time of trial.  <u>See</u> <u>id.</u>  Accordingly, we reverse and remand for such a hearing.

Before we do, however, we address King's second challenge to his conviction.  King couches it in terms of "judicial notice," i.e., the trial court erred in failing to take judicial notice of the fact that after having been adjudged insane on the 1987 and 1988 charges, he had never been judicially restored to legal sanity.  Based on the cases on which he relies, coupled with his argument below, however, we construe this challenge as one directed to the trial court's instructions to the jury, and specifically to the trial court's failure to affirmatively instruct the jury that because King had previously been adjudged insane and had not been judicially restored to legal sanity, he was entitled to a rebuttable presumption of insanity at the time of the offense in this case.

Pursuant to Florida Standard Jury Instruction (Criminal) 3.6(a) (2015), a trial court should instruct a jury on insanity as follows:

> All persons are presumed to be sane.  The defendant has the burden of proving the defense of insanity by clear and convincing evidence.  Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.

But instruction 3.6(a) further requires that the following instruction be given "if applicable":  "If the evidence establishes that the defendant had been adjudged insane by a court, <u>and has not been judicially restored to legal sanity</u>, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise."  Fla. Std. Crim. J. Instr. 3.6(a) (emphasis added).  Thus, the first instruction places the burden of proof on the defendant, and the second instruction places the burden of proof on the State.

- 4 -

In this case, the trial court gave both instructions. And, at King's request, the court also instructed the jury that "[t]here was an order adjudging the Defendant insane on February 16th, 1990," and that the jury "must assume this to be true without any further evidence being necessary." The court, however, refused King's request that it similarly instruct the jury that he had "not been judicially restored to legal sanity," although both parties and the court all apparently agreed that King never had been "judicially restored to legal sanity." The court's refusal to instruct the jury to that effect was based on its concern that doing so would "essentially direct[] the verdict" for the defense and its belief that it was "up to the jury to decide if [King had] been restored to sanity." Instead, the court stated that King could "certainly argue the absence of any evaluation or order that adjudicates him sane."

In Wells v. State, 98 So. 2d 795, 802 (Fla. 1957), the supreme court held that the trial court erred in leaving for the jury the question of whether the defendant had been judicially restored to legal sanity "in view of the fact that it was undisputed in the record that the defendant had been adjudged insane and not restored to sanity." In such a situation, "[t]he [trial] court should have charged the jury in an affirmative manner on the question of the presumption of insanity of the defendant," rather than "[leaving] to the jury the question of determining whether the presumption existed." Id. The supreme court explained:

> The question of whether the defendant had been judicially restored to sanity was no longer a jury question because the record was wholly devoid of any evidence controverting that fact. We think [giving both] charges, even when read in the light of all of the charges of the court, as we have carefully and meticulously done, tended to confuse the jury and to leave them with the impression that it was within

- 5 -

their power to determine whether the defendant had been judicially restored to sanity, a power they did not possess.

Id.; see also Johnson v. State, 118 So. 2d 234, 236 (Fla. 2d DCA 1960) (holding that the trial court erred in failing to instruct the jury that the presumption of insanity applied when the evidence was undisputed that sanity had not been formally restored and explaining that "[i]t was not for the jury to decide whether or not the presumption applied, but rather whether or not the rebuttal evidence had overcome it" and that "the court only confused the jury by instructing them that 'every person accused of crime is presumed by the law to be sane' "); cf. Horace v. Culver, 111 So. 2d 670, 671 (Fla. 1959) ("[A] person adjudged to be insane is presumed to remain in that condition until it is shown that sanity has returned.  While the presumption raised by the adjudication is not conclusive, the effect of the decisions is that it must be recognized unless and until it is overcome by a contrary finding or proof that at a particular time the party previously adjudged incompetent was in fact of sound mind.").[1]

The trial court, therefore, erred in giving both instructions in this case and leaving for the jury to decide what presumption to apply.  But we conclude that in this case, the error was harmless because the potential for the confusion with which those cases were concerned was lacking (and King does not argue otherwise).  As set forth above, although it refused to give an instruction that King had never been judicially

---

[1]We recognize that this caselaw is more than fifty years old and that Florida's insanity instructions have changed several times during this period. Nevertheless, we find no indication that any of these cases have been modified, receded from, or overruled, and as such, they appear to still be good law.  Moreover, the continued validity of their holdings is confirmed by the very existence of the alternative jury instruction mandating a rebuttable presumption of insanity when a defendant has been previously adjudged insane and has not been judicially restored to legal sanity.

restored to legal sanity, the trial court permitted King to repeatedly argue that fact to the jury. Moreover, the State, from its opening statement forward, presented its case as if the presumption of insanity applied, and it told the jury that it "embraced" the burden of rebutting that presumption and "prov[ing]" that King "[had been] sane" at the time of the offense. When, at the conclusion of the defense case, King renewed his motion for a judgment of acquittal "on the grounds that [he] is now presumed to be insane because his sanity has not been restored . . . [a]nd the State has not met their burden of proof," the State responded by presenting rebuttal evidence tailored to rebut any presumption of insanity at the time of the offense, including the testimony of a witness at the facility where King was confined and had committed the offense and of one of the experts who had evaluated King in connection with the offense. Finally, in both its initial and rebuttal closing arguments, the State again referred to the presumption of insanity as if it were all but a foregone conclusion and argued that "that presumption can and has been overcome with the evidence." Given this record, we are confident that the outcome of the proceedings would not have been different if the trial court had affirmatively instructed the jury that King was entitled to a presumption of insanity.

Accordingly, we reverse and remand for the trial court to hold a hearing for the purpose of making a nunc pro tunc determination of King's competency at the time of his trial. If, however, the court determines, "for whatever reason, that an evaluation of [King's] competency at the time of the original trial cannot be conducted in such a manner as to assure [King] due process of law, the court must so rule and grant a new trial." Mason, 489 So. 2d at 737. In all other respects, the conviction is affirmed.

Reversed; remanded for further proceedings.

SILBERMAN and SLEET, JJ., Concur.