DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TORYANNI M. NELSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D19-3593

_____

September 17, 2021

Appeal from the Circuit Court for Pinellas County; William H. Burgess, Judge.

Howard L. Dimmig, II, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellee.

ORDER RELINQUISHING JURISDICTION

Toryanni M. Nelson appeals from his judgment and sentence

for burglary of a dwelling, arguing that the trial court erred by

failing to hold a competency hearing and by failing to enter a written order determining his competence to proceed. The Attorney General appropriately concedes error. We relinquish jurisdiction to the trial court for further proceedings consistent with this order.

Mr. Nelson's trial counsel informed the trial court that she questioned Mr. Nelson's ability to assist in his defense and asked the trial court to appoint an expert to evaluate his competence to proceed. The appointed expert found Mr. Nelson incompetent to proceed but also indicated in his report that it was possible Mr. Nelson was malingering, so the trial court appointed two additional experts, both of whom found Mr. Nelson competent.

The trial court set a "competency status check," but Mr. Nelson did not receive notice of the hearing and failed to appear. The hearing was reset, but Mr. Nelson again failed to appear, and the trial court issued a capias for his arrest. The record does not reflect that the trial court addressed Mr. Nelson's competence during any of the pretrial hearings following his arrest.

"A criminal defendant has a procedural due process right to the observance of procedures adequate to protect his or her right not to be tried or convicted while incompetent to stand trial." *Zern*

*v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016); *see also Drope v. Missouri*, 420 U.S. 162, 172 (1975) ("[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.").  These procedures are codified in Florida Rules of Criminal Procedure 3.210, 3.211, and 3.212.  Rule 3.210(b) is interpreted to require that "once the court has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question." *Zern*, 191 So. 3d at 964; *see also Charles v. State*, 223 So. 3d 318, 328 (Fla. 4th DCA 2017) ("Once the trial court appoints experts to examine the defendant's competency, the trial court may not proceed against the defendant without holding a competency hearing and ruling on the defendant's competency.").

The appropriate remedy for this error is a retroactive determination of competency, if it is possible in a manner that assures due process.  *King v. State*, 263 So. 3d 244, 246 (Fla. 2d DCA 2019).  Mr. Nelson's record on appeal indicates such a determination may be possible.  *See id.* (holding that a retroactive competency determination "may be possible if 'there are a sufficient

3

number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing' " (quoting *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014))). We therefore relinquish jurisdiction to the trial court for sixty days from the date of this order and direct the trial court to conduct a nunc pro tunc competency hearing if it is possible in a manner that assures Mr. Nelson due process of law. *See Cramer v. State*, 213 So. 3d 1028, 1029 (Fla. 2d DCA 2017). At the end of the relinquishment period, counsel for the parties shall file a status report with this court to indicate the outcome of the competency hearing and to advise this court of the need for further proceedings.

SLEET, LUCAS, and STARGEL, JJ., Concur.

—————————————————

Order subject to revision prior to official publication.