# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1733
Lower Tribunal No. 2014-CF-012314-A-O

_____

LOUIS BURNEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Luis F. Calderon, Judge.

June 30, 2025

GANNAM, J.

Louis Burney appeals the trial court's summary denial of two grounds of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Both grounds claim ineffective assistance of his court-appointed conflict counsel as to retrospective competency proceedings mandated by the Fifth District in a prior post-judgment appeal from a pretrial competency determination. *See Burney v. State*, 247 So. 3d 650, 651–52 (Fla. 5th DCA 2018). At the time of his Rule 3.850 motion, however, Burney had already invoked this Court's jurisdiction in a direct appeal

from the trial court's retrospective competency order.[1] Thus, the trial court lacked jurisdiction to rule on the merits of Burney's Rule 3.850 motion as to the retrospective competency proceedings, and any such ruling is a nullity. *See Daniels v. State*, 712 So. 2d 765, 765 (Fla. 1998).

Accordingly, we vacate the trial court's rulings in the order on appeal and any prior order on Burney's Rule 3.850 motion, as to the retrospective competency proceedings, and we remand for the trial court to dismiss the Rule 3.850 motion to the same extent.[2] Such dismissal is without prejudice to Burney's refiling a Rule 3.850 motion as to the retrospective competency proceedings, if unsuccessful in his

---

[1] Within thirty days after the retrospective competency order, Burney filed in the trial court a pro se "motion for extension of time to file a timely notice of appeal," advising the court he was "now acting pro se" and "conflict counsel did not file a timely notice of appeal," though his appeal deadline had not yet run. After the deadline had run, the trial court issued a notice advising Burney that it would not consider the motion because Burney was represented. Under the circumstances, however, Burney's motion was not a nullity because it clearly indicated his discharge of conflict counsel. *See Logan v. State*, 846 So. 2d 472, 478 (Fla. 2003). The motion otherwise provided sufficient, timely notice of Burney's intent to invoke this Court's appellate jurisdiction. *See Whitt v. State*, 984 So. 2d 1278 (Fla. 1st DCA 2008) ("The circuit court is directed to treat petitioner's . . . motion for enlargement of time as a timely notice of appeal . . . ."); *Tribble v. State*, 936 So. 2d 788, 788 (Fla. 4th DCA 2006) ("Defects in form of a notice of appeal or failure to file fees . . . are not jurisdictional."); Fla. R. App. P. 9.040 ("[T]he court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties."). By separate order, we provide direction to the trial court clerk regarding its Florida Rule of Appellate Procedure 9.040(g) duties as to the notice of appeal.

[2] The trial court made several procedural and merits rulings on Burney's twice-amended Rule 3.850 motion, which included grounds directed to pretrial, trial, and sentencing proceedings, as well as the subsequent retrospective competency proceedings.

direct appeal, without any Rule 3.850(h) successive motion restrictions. *See Daniels*,

712 So. 2d at 765–66. We affirm in all other respects.

AFFIRMED in part; VACATED in part; REMANDED with instructions.

NARDELLA and WHITE, JJ., concur.


Blair Allen, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED