DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CRAIG EDWARD LEEKS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2340
_____

May 1, 2026

Appeal from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Loren D. Rhoton, Tampa, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Nicole Rochelle Smith, Assistant Attorney General, Tampa, for Appellee.

KELLY, Judge.

Craig Edward Leeks appeals from his judgment and sentences for second-degree murder and improper exhibition of a firearm. Although the trial court orally determined Leeks' competency without reducing its findings to writing we nevertheless affirm because that failure was not brought to the trial judge's attention and in this case, it did not amount to fundamental error.

The State charged Leeks with attempted first-degree murder and aggravated assault. His defense counsel moved to have him evaluated for competency, and the trial court granted the motion. The psychological evaluation concluded Leeks was competent to stand trial. After several months and a change in defense counsel, Leeks' case proceeded to trial. Before jury selection, the trial court, noting that the issue of Leeks' competency had been raised previously, asked Leeks' new attorneys whether they had any concerns about Leeks' competency. They had none. The court asked Leeks whether he understood the charges and the possible penalties, and Leeks said he did. The court noted Leeks was alert and showed no signs of impairment. Based on its observations of Leeks' courtroom behavior and the statements of counsel, the court announced Leeks was competent to proceed.

As the trial continued, the court conducted colloquies with Leeks about whether he wanted to take part in jury selection and whether he wanted to testify. The court asked Leeks about his mental health, his understanding of the proceedings, and his ability to consult with his attorneys. Leeks denied having any mental disorders or taking any medications related to mental health and affirmed that he was "clear-headed" and able to communicate with his lawyers. At each stage, the court found Leeks competent.

The test to determine competency is "whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings." Fla. R. Crim. P. 3.211(a)(1); *see also Damas v. State*, 423 So. 3d 811, 819 (Fla. 2025). Factors used to find competency include whether the defendant appreciates the charges against him, the possible penalties that may be

2

imposed, the adversary nature of the legal process, and whether the defendant is able to disclose relevant facts to counsel, testify relevantly, and demonstrate appropriate courtroom behavior. *See* Fla. R. Crim. P. 3.211(a)(2)(A)(i)-(vi). The trial court was satisfied that Leeks met these requirements and orally stated its findings. The court did not, however, enter a written order as required by Florida Rule of Criminal Procedure 3.212(b) ("If the court finds the defendant competent to proceed, the court must enter its order so finding and proceed.").

Although we agree with Leeks that the trial court erred by not entering a written order, Leeks did not bring it to the trial court's attention, and he has not shown it was fundamental error. *See Santiago-Gonzalez v. State*, 301 So. 3d 157, 175 (Fla. 2020).[1] The trial court orally found Leeks was competent, and that finding is fully supported by the record. *See id.* (stating that because the trial court made an oral competency finding that was supported by the record, the appellant failed to demonstrate fundamental error in the trial court's failure to render a written order).

We also reject Leeks' argument that the trial court fundamentally erred because it did not conduct a competency hearing. "A status hearing may constitute a sufficient competency hearing if the court reviews a written competency evaluation . . . and makes an independent finding that the defendant is competent to proceed." *Presley v. State*, 199 So. 3d 1014, 1018 (Fla. 4th DCA 2016). That is what happened here. The trial court

---

[1] We acknowledge that in the past we have affirmed cases like this but have remanded for entry of a written order. *See, e.g., Hampton v. State*, 988 So. 2d 103, 106 (Fla. 2d DCA 2008). In *Santiago-Gonzalez,* the supreme court made it clear that remand is unnecessary if the appellant fails to show the trial court's error was fundamental. 301 So. 3d at 175 ("[T]he failure to enter a written order was not brought to the trial judge's attention and should therefore be remediable on appeal only if the failure constitutes fundamental error.").

addressed Leeks' competency at the pretrial hearing, and it acknowledged the earlier psychological evaluation and the report finding Leeks competent. The court also addressed Leeks' competency at each stage of the proceedings and, based on its own observations and discussions with Leeks, determined he had the ability to consult counsel and had "a rational, as well as factual, understanding of the pending proceedings." Fla. R. Crim. P. 3.211(a)(1). Nothing before the trial court suggested that Leeks' competency had lapsed between his psychological evaluation and trial. This case is unlike those Leeks relies on because in those cases the defendant was found to be incompetent at some time during the proceedings, and the trial court later failed to make an independent determination of competency. *See, e.g.*, *King v. State*, 263 So. 3d 244, 245 (Fla. 2d DCA 2019) (reversing for a competency hearing to determine whether the defendant, who had previously been adjudged insane and never judicially restored to sanity, was competent to proceed); *Golloman v. State*, 226 So. 3d 332, 335 (Fla. 2d DCA 2017) (reversing the defendant's judgment and sentence where, after finding the defendant incompetent earlier in the proceedings, the trial court did not conduct a competency hearing before accepting the defendant's plea).

Affirmed.

LUCAS, C.J. and KHOUZAM, J., Concur.

———————————————

Opinion subject to revision prior to official publication.

4